O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Granting in part and Denying in part Defendants' Motion to Dismiss, and Granting Defendants' Motion to Strike**

Pending before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) and Defendants' Motion to Strike. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss, and GRANTS Defendants' Motion to Strike.

I.    Background

In the First Amended Complaint, Julio Diaz ("Plaintiff") filed this action against Bank of America Home Loan Servicing, LP, Bank of America, Inc., Bank of America, N.A., and Trustee Corps ("Defendants") for predatory lending.[1] *First Amended Complaint* ("*FAC*") ¶ 1. On April 18, 2008, Plaintiff obtained a $227,000 loan from the Bank of America Defendants to refinance real property in Oxnard, California (the "Loan"). *Id.* ¶ 14. The Loan contains a 30-year option arm, for which the lowest available monthly interest payment is $1,126 per month. *Id.* ¶¶ 14-15. Plaintiff is almost 90 years old, does not speak, write, or read English, and his monthly gross income is $1,143. *Id.* ¶ 15.

After falling behind on the Loan's payment obligations, Plaintiff hired counsel who, beginning in May 2009, contacted Defendants to request information about the origination and servicing of the Loan. *Id.* ¶¶ 24-25. At the same time, Plaintiff mailed a series of certified

---

[1] Defendant Trustee Corps was voluntarily dismissed from this action on June 22, 2010. *Dkt.* #55.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

checks to Defendants in attempts to cover the arrears. *Id.* ¶¶ 14-15. Defendants responded by mailing a notice of intent to accelerate foreclosure. *Id.* ¶¶ 30-31. However, Defendants claim that Plaintiff's payments have since been applied to the Loan, which was reinstated in November 2009, and that the Loan is current as of August 2010. *Mot.* 19-25.

      Specifically, Plaintiff claims (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (2) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601; (3) violation of Cal. Civ. Code § 1632; (4) violation of Cal. Bus. & Prof. Code § 17200; (5) fraud in the inducement; (6) intentional infliction of emotional distress; (7) violation of Welf. & Inst. Code § 15600; (8) violation of Cal. Civ. Code § 2943(b); and (9) slander of title. In short, Plaintiff asserts that Spanish-speaking agents of Defendants falsified Plaintiff's financial documents to qualify Plaintiff for the Loan and coerced Plaintiff into accepting the Loan by speaking to him in Spanish, yet providing all of the Loan documents only in English. *See FAC* ¶ 18. On August 3, 2010, Defendants filed the pending Motion to Dismiss Plaintiff's First Amended Complaint.

II.    <u>Legal Standard</u>

      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

      In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.   Discussion

Defendant moves to dismiss Plaintiffs' complaint in its entirety–all of the asserted federal and state claims. Each will be discussed in turn.

   A.   Truth in Lending Act

Defendant moves to dismiss Plaintiff's TILA claim as barred by the applicable statute of limitations.

The statute of limitations for a TILA damages claim is one year. 15 U.S.C. § 1640(e). The limitations period generally runs from the date of consummation of the transaction, unless equitable tolling applies. *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). While equitable tolling is typically reserved for situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990)), the doctrine of equitable tolling may also be applied where a borrower did not have a reasonable opportunity to discover the fraud or nondisclosures that form the basis of a TILA action, *King*, 784 F.2d at 915.

Here, Plaintiff obtained the Loan on April 18, 2008 and filed this lawsuit on December 22, 2009. *FAC* ¶ 14. Unless equitable tolling applies, Plaintiff's TILA claim is clearly barred by the one year statute of limitations.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

Plaintiff argues that failing to adequately explain the terms of mortgage documents in Spanish is sufficient to invoke the equitable tolling doctrine. *Opp*. at 6:25-28. This argument has some merit. *See Gomez v. Calpacific Mortg. Consultants, Inc*., No. CV 09-2926 IEG, 2010 WL 2610666, at *4 (S.D. Cal. June 29, 2010) (applying equitable tolling where a Spanish speaker could not have found out about a claim until her mortgage documents were reviewed by mortgage professionals two years later); *Carnero v. Weaver*, No. CV 09-1995 JF, 2009 WL 2180372, at *2 (N.D. Cal. July 22, 2009) (finding equitable tolling for failure to provide documents in Spanish); *Galindo v. Financo Fin., Inc*., No. CV 07-03991 WHA, 2008 WL 4452344, at *4 (N.D. Cal. Oct. 3, 2008) (tolling limitations period on TILA claim based on plaintiff's inability to read at the time she signed the loan documents); *Gonzalez v. Ameriquest Mortgage Co*., No. CV 03-00405 JSW, 2004 WL 2472249, at *5 (N.D. Cal. Mar. 1, 2004) (tolling limitations period on TILA claim where mortgage broker provided documents only in English despite knowing that plaintiff spoke only Spanish).

However, the equitable tolling doctrine requires more. The equitable tolling doctrine can be applied only if Plaintiff, "despite all due diligence," was "unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000). The test is whether "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Id.* And, a plaintiff must plead facts which would indicate an "excusable delay" in discovering the claim. *Id.*; s*ee also Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (concluding that plaintiff was not entitled to tolling where "nothing prevented [her] from comparing the loan contract, [defendant's] initial disclosures, and TILA's statutory and regulatory requirements" (*citing King*, 784 F.2d at 915)). Here, Plaintiff performed on the contract and did nothing to attempt to discover the violation until May 2009, more than one year after the loan had closed. *FAC* ¶ 25. No fact pleaded by Plaintiff indicates his own due diligence or that Defendant concealed any information that prevented discovery of this claim during the statutory period. Although they were not in Spanish, potential violations were "objectively and reasonably apparent on the face of the documents Plaintiff received when his loan closed." *Conder v. Home Sav. of America*, No. CV 07-7051 AG, 2010 WL 2486765, at *3 (C.D. Cal. June 14, 2010).

Moreover, the fact that the required disclosures under TILA were made in English, not Spanish, is insufficient on its own to invoke the equitable tolling doctrine. *Pica v. Wachovia Mortg.*, No. CV 09-02372 GEB, 2010 WL 1525069, at *4 (E.D. Cal. Apr. 15, 2010) ("bare assertions [of language barriers] are therefore insufficient to provide a basis for equitable tolling"). Even if loan documents were not provided in Plaintiff's native language, a reasonable Plaintiff, paying a mortgage which left him with $17 dollars per month in income for a whole

Case 2:09-cv-09286-PSG-MAN   Document 83   Filed 12/16/10   Page 5 of 15   Page ID #:1270

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

year, *FAC* ¶ 15, would seek a translation, *Ausano v. BAC Home Loans Servicing, LP*, No. CV 10-4 BTM, 2010 WL 3463647, at *3, 4 (S.D. Cal. Aug. 31, 2010) (denying tolling for lack of diligence); *Lucero v. Diversified Investments Inc.*, No. CV 09-1742 BTM, 2010 WL 3463607, at *3 (S.D. Cal. Aug. 31, 2010) (dismissing Plaintiffs' TILA claim, stating, "a diligent plaintiff would have the documents translated before the statute of limitations had expired"); *Ortega v. Wells Fargo Bank,* No. CV 09-1531 JM, 2010 WL 1904878, at *3 (S.D. Cal. May 11, 2010) (denying equitable tolling where Plaintiff "did not question the propriety of his loan documents until months after he stopped paying his mortgage").

While there is some split in the courts, the district court decisions granting equitable tolling appear not to consider Plaintiffs' due diligence requirement. Based on the foregoing, Plaintiff has failed to plead facts which would permit equitable tolling and Plaintiff's TILA claim is time barred. Defendants' motion to dismiss Plaintiff's TILA claim is GRANTED with LEAVE TO AMEND.

    B.    <u>Fair Housing Act</u>

Section 3604(b) of the FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Section 3605(a) makes it unlawful for anyone "whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a).

The FHA has recently been applied to predatory lending, or "reverse redlining" cases, where lenders, rather than refusing to extend credit, extend credit to minorities on unfair terms. The Ninth Circuit has yet to rule on this issue, but the legal standard followed by district courts requires a plaintiff to plead that (1) plaintiff is a member of a protected class, (2) plaintiff applied for and met the qualifications for a loan, (3) the terms of the loan were grossly unfavorable, and (4) defendant continues to offer loans to others similarly situated on substantially more favorable terms. *See, e.g., Munoz v. Int'l Home Capital Corp.*, No. CV 03-01099 RS, 2004 WL 3086907, at *4 (N.D. Cal. May 4, 2004). The FHA is generally evaluated under a Title VII analysis, *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999), and the fourth element may be satisfied by a showing of disparate treatment, disparate impact, or through evidence that a defendant

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

intentionally targeted the plaintiff, *see Munoz,* 2004 WL 3086907, at *4; *see also Barkley v. Olympia Mortg. Co.*, No. CV 04-875 RJD, 2007 WL 2437810, at *14 (E.D.N.Y. Aug. 22, 2007).

 Plaintiff argues that the First Amended Complaint adequately pleads the required *Munoz* factors. *Opp.* 9:3-4. Plaintiff has indeed sufficiently pleaded that Plaintiff is a member of a protected class by virtue of his Hispanic origin, *FAC* at ¶ 38, and, because the loan could never be paid off in Plaintiff's lifetime and the minimum monthly payment was only $17 less than Plaintiff's total monthly income, that the terms of the loan were grossly unfavorable, *FAC* at ¶¶ 14-16; *see also Munoz*, 2004 WL 3086907, at *2-4 (finding that "split loans" with undisclosed fees and higher repayment terms than originally explained were grossly unfavorable). Moreover, Plaintiff's assertion that Defendants "sold Plaintiff the subject loan even though Plaintiff qualified for [a] more favorable conventional loan," *FAC* ¶ 17, is sufficient to satisfy the second *Munoz* element.

 Plaintiff alleges all three possible ways of showing the fourth prong of the analysis: (1) disparate treatment in that Plaintiff's loan was on terms less favorable than would have been offered to a Caucasian borrower, *FAC* ¶ 40; (2) disparate impact in that Hispanics are more likely to wind up with unfavorable sub-prime mortgages than Caucasians, *id*. ¶ 43; and (3) Defendants purposefully targeted Plaintiff based on national origin, *Id*. ¶ 39.

 Defendants argue that the allegations in the Complaint do not include the required detail under *Iqbal* and *Twombly*. *Mot.* 9:1-5. Plaintiff claims that he and others similarly situated were intentionally targeted because "they would be less able to question the proposed terms of the loans, or adequately understand the risks and misrepresentations made by [Defendants]." *FAC* ¶ 53. Merely alleging that Plaintiff offered sub-prime loans to Spanish-speaking borrowers is insufficient to state a claim, but alleging that Plaintiff offered sub-prime loans to Spanish-speaking borrowers in order to deceive them, adequately states a discriminatory motivation. *See Barkley*, 2007 WL 2437810, at *14 (accepting evidence "of intentional targeting in lieu of evidence of disparate treatment").

 Defendants cite to cases in which district courts have dismissed similar FHA claims as too bare. *See, e.g., Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039 (N.D. Cal. 2009) (dismissing bare allegations of more favorable treatment of the plaintiff's "Caucasian counterparts"); *Singh v. Wells Fargo Bank, N.A.*, No. C-09-2035, 2009 WL 2365881 at *4 (N.D. Cal. July 30, 2009) (dismissing allegations of disparate treatment and intentional targeting). These cases, however, involved plaintiffs whose factual circumstances make plain claims of intentional targeting implausible. *See Hafiz*, 652 F. Supp. 2d at 1039 (Hafiz was a Fijian and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

experienced real estate speculator); *see also Singh*, 2009 WL 2365881, at \*4 (Plaintiff alleged only that "Defendants intentionally targeted Indians, and/or Indian natives in the making of loans on terms less favorable then [sic] their Caucasian counterparts."). Plaintiff has adequately pleaded the fourth *Munoz* element.

Plaintiff adequately pleaded the four *Munoz* factors and, as a result, Defendants' motion to dismiss Plaintiff's FHA claim is DENIED.

    C.    <u>The Remaining State Law Claims</u>

        1.    <u>Cal. Civ. Code § 1632 – California's Foreign Language Contract Act</u>

California Code § 1632 requires a translation of a contract or agreement be provided in the language in which the contract was negotiated for "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code." Cal. Civ. Code § 1632(b)(4). Plaintiff alleges in the Complaint that Defendants negotiated the Loan in Spanish, but failed to provide Spanish translations of the contract terms in accordance with California Code § 1632. As a result, Plaintiff seeks rescission of the contract. *See FAC* ¶ 58.

Defendants argue that Plaintiff has failed to state a claim under § 1632 because, by reference, Section 10240 of the California Business and Professions Code applies only to real estate brokers, not lenders or subsequent servicers. *See Mot.* at 10:1-8; *see also Delino v. Platinum Community Bank*, 628 F. Supp. 2d 1226, 1234 (S.D. Cal. 2009). Defendants are correct. California Civil Code § 1632 generally does not cover loans secured by real property, except where a broker negotiated the loan. *See* Cal. Civ. Code § 1632(b)(4). Plaintiff has only alleged that Defendants and their "agents" were involved in negotiating and originating the Loan, not that the loan was negotiated by a broker. *See FAC* ¶¶ 14, 50. Therefore, Plaintiff has failed to state a § 1632 claim and Defendants' motion to dismiss this claim is GRANTED with LEAVE TO AMEND.[2]

---

[2] To the extent that Plaintiff's § 1632 claim is asserted against Bank of America, N.A., a federally chartered bank, Plaintiff's § 1632 claim is preempted by the Home Owners' Loan Act of 1933 ("HOLA"). *See Paz v. Wachovia Mortgage Corp.*, No. CV 09-2786 PSG (Ex) (C.D. Cal. July 30, 2009) (holding that the plaintiff's claim based on § 1632's translation requirement was preempted under HOLA, 12 C.F.R. § 560.2(b)(9)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

       2.      <u>Cal. Bus. & Prof. Code § 17200 – California's Unfair Competition Law ("UCL")</u>

      The UCL prohibits "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (*quoting* Cal. Bus. & Prof. Code § 17200). An "unlawful" business act under § 17200 is any business practice that is prohibited by law, whether "civil or criminal, statutory or judicially made . . . federal, state or local." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted).

    In this case, Plaintiff alleges all three types of unfair competition under the UCL: (1) unlawful; (2) unfair; and (3) deceptive or fraudulent. As discussed, a business practice is unlawful under the UCL if it is "forbidden by law." *Walker v. Countrywide Home Loans*, 98 Cal. App. 4th 1158, 1169 (2002). Because Plaintiff has sufficiently stated an FHA claim, he has also stated a claim for unlawful practices under the UCL and the Court need not consider the other ways of alleging a UCL violation. Defendants' motion to dismiss Plaintiff's UCL claim is DENIED.

       3.      <u>Fraud in the Inducement</u>

    It is well-settled that state law claims being adjudicated in Federal Court are subject to the Federal Rules of Civil Procedure. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). As such, Plaintiff's claim for fraud must satisfy the heightened pleading standards of Rule 9(b), which requires pleading of fraud with particularity, such that a defendant should be able to adequately answer a complaint without merely saying that they did nothing wrong. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). A complaint should include "such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id*. In other words, a plaintiff must allege the "who, what, when, where and how of the misconduct." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

    Plaintiff has not met this burden. To prove fraud, Plaintiff must show (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72, 269 Cal. Rptr. 337 (1990); 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676. The Complaint alleges that Steve Serepongky concealed facts about the Loan as a managing agent of Defendants, *FAC* at ¶ 81, during the period before April 18, 2008, *id*. ¶ 14, but Plaintiff does not identify any statements

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

Mr. Serepongky actually made to Plaintiff, true or false. *See Vess*, 317 F.3d at 1106 (*quoting Decker v. GlenFed, Inc*., 42 F.3d 1541, 1548 (9th Cir. 1994)) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false.").

Still under the heading of "Fraud in the Inducement," Plaintiff appears to also allege a claim of fraudulent concealment. Such a claim requires that, "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc. v. Sanyo Fisher (USA) Corp*., 6 Cal. App. 4th 603, 612-613, 7 Cal. Rptr. 2d 859 (1992). While a claim of fraudulent concealment can succeed without the same specificity required by an affirmative misrepresentation claim, *see Baggett v. Hewlett-Packard Co*., 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007), Rule 9(b) still applies.

In this case, Plaintiff fails to sufficiently connect the person he names in the Complaint with the act of fraudulent concealment. For example, Plaintiff alleges that Steve Serepongky, a managing agent at Bank of America, or his employees failed to translate the loan documents, and therefore, failed to disclose the true nature of the loan. *See FAC* ¶ 81. When alleging fraud against a corporation, however, "the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *See Edejer v. DHI Mortgage, Co.*, No. CV09-1302 PGH, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) (citations omitted). Although Plaintiff identifies Serepongky as a manager, Plaintiff alleges only that it is possible he is responsible for the concealment, and if he is not, then one of his employees or agents is. *See FAC* ¶ 81. Such pleading is not sufficient under Rule 9(b) to state a claim for fraudulent concealment.

Accordingly, Plaintiff's fraud claim fails to meet the heightened pleading requirements of Rule 9(b) and Defendants' motion to dismiss Plaintiff's fraud claim is GRANTED with LEAVE TO AMEND.

    4.    <u>Intentional Infliction of Emotional Distress</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

Plaintiff alleges that Defendants' conduct constitutes extreme and outrageous conduct such that Plaintiff is entitled to recover for intentional infliction of emotional distress. *FAC* ¶¶ 84-85. Plaintiff further alleges that as a result of Defendants' conduct, Plaintiff has lost sleep, eats very little and has physical symptoms such as vomiting and diarrhea. *Id.* ¶ 86.

In order to state a claim for intentional infliction of emotional distress, Plaintiff must show (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community," (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme emotional distress, and (4) that the outrageous conduct proximately caused the emotional distress. *Symonds v. Mercury Sav. & Loan Ass'n*, 225 Cal. App. 3d 1458, 1468, 275 Cal. Rptr. 871 (1990). Plaintiff states only that Defendants' "predatory lending practices" are "cruel and outrageous," in part due to the fact that the loan was for Plaintiff's primary residence. *See FAC* ¶ 85. Even construing these facts in a light most favorable to Plaintiff, Plaintiff has not identified why these specific actions could be considered so extreme and outrageous that they exceed all bounds tolerated in a civilized society. *Justo v. Indymac Bancorp*, No. CV 09-1116 JVS, 2010 WL 623715, at *10 (C.D. Cal. Feb. 19, 2010) (similar misrepresentations and failure to provide information are not extreme and outrageous); *Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Washington Mut., Inc.,* No. CV 10-02842 WHA, 2010 WL 3769459 (N.D. Cal. Sept. 22, 2010) (misapplication of loan payments and failure to respond to requests for information are not sufficient to state a claim). Plaintiff's allegations formulaically recite the elements of an intentional infliction of emotional distress claim and are insufficient in light of *Iqbal* and *Twombly's* pleading requirements. Therefore, Defendants' motion to dismiss Plaintiff's Intentional Infliction of Emotional Distress claim is GRANTED with LEAVE TO AMEND.

        5.    <u>Elder Abuse</u>

Plaintiff also alleges that Defendants committed financial abuse under California Welfare and Institutions Code § 15610.30 *et seq*. *See FAC* ¶¶ 89-94. A claim for financial elder abuse arises when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Wel. & Inst. Code § 15610.30(a)(1). Elder financial abuse also occurs when a person or entity assists another in such conduct. *Id*. § 15610.30(a)(2). A violation of the statute occurs if, among other things, the person or entity (1) "takes, secretes, appropriates, obtains, or retains the property," and that person or entity (2) "knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." *Id*. § 15610.30(b).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

  Plaintiff claims that the Loan was issued with the intent to strip the equity from Plaintiff's home, *FAC* ¶ 91, and that Defendants used Spanish-speaking agents to induce him to sign the Loan, *id.* ¶ 90.  Plaintiff also claims that Defendants denied Plaintiff's request to speak with an independent third party about the substance of the Loan and coerced Plaintiff into signing the loan.  *FAC* ¶ 92.  Plaintiff has thus adequately stated a claim under California Welfare and Institutions Code § 15610.30.

  Defendants' argument, based on *Harrison v. Downey Savings & Loan,* that Plaintiff's claim should be dismissed because Plaintiff has not alleged specific conduct by the Defendants he names is unconvincing.  The court in *Harrison* dismissed an elder abuse claim as to defendant Deutsche Bank because the complaint failed to mention that defendant by name at all.  *See Harrison v. Downey Savings & Loan* , No. No. 09-CV-1391 H (BLM), 2009 WL 2524526 at *3 (S.D. Cal. Aug. 14, 2009).  Here, Plaintiff repeatedly identifies Defendants and their roles in the loan origination, servicing and foreclosure process.

  Defendants also argue that Plaintiff's claim fails because the property was never actually taken.  *Mot.* 15:27-16:4.  This argument fails, however, because Defendants' threats of foreclosure and sale of the property were essentially used to "assert[] a secured interest in a property" to force payment, a tactic which may constitute financial abuse.  *See Quintero Family Trust v. OneWest Bank, F.S.B.*, No. CV 09-1561 IEG (WVG), 2010 WL 2618729, at *15 (S.D. Cal. June 25, 2010) (holding that plaintiff's conduct of asserting a secured interest in property in order to force an elderly person to pay was sufficient to state a claim under § 15610.30).  Defendants' motion to dismiss this claim is therefore DENIED.

    6.  <u>Cal. Civ. Code § 2943(b)</u>

  Plaintiff next claims that his October 20, 2009 request for his promissory note and other evidence pursuant to Civil Code § 2943(b)(1) was willfully ignored by Defendants.  *FAC* ¶ 61.  Defendants argue that they never received such a request, since it was sent to Defendant Trustee Corps., not to the named Defendants.  *Mot.* 16: 8-9.  Defendants are correct.  California Civil Code § 2943(b)(1) provides that "[a] beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person . . . prepare and deliver to the person demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement."  Cal. Civ. Code § 2943(b)(1).  Plaintiff's letter requesting documents pursuant to this provision, attached to the Complaint as Exhibit O, was in fact only sent to Trustee Corps.  The letter received by Defendants, attached to the Complaint as Exhibit N, did not contain a request for documents

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

under Civil Code § 2943(b)(1). Accordingly, Defendants' motion related to § 2943(b) is GRANTED WITH PREJUDICE.

      7.     <u>Slander of Title</u>

Plaintiff also alleges slander of title, which occurs when there is publication of a false statement which disparages title of real property and causes pecuniary harm. *See Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (Cal. Ct. App. 1997). "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Id*. (citation omitted). Plaintiff alleges that Defendants slandered title to Plaintiff's property by recording a notice of default even though they had no right to do so. *FAC* ¶ 65.

Defendants argue that any recording of a notice of default was privileged as a part of a non-judicial foreclosure procedure under Cal. Civ. Code § 2924. The Court disagrees. California Civil Code § 2924 exempts trustees from liability for the proper recording of default notices. Cal. Civ. Code § 2924(a)(1)-(4). To the extent Defendants were merely beneficiaries of the Loan and not trustees, "the plain language of the 1996 amendment [to Cal Civ. Code § 2924] grants privilege protection not only to trustees, but also to beneficiaries insofar as they may act as trustees." *Kachlon v. Markowitz*, 168 Cal. App.4th 316, 340, 85 Cal. Rptr. 3d 532 (2008). However, recording a default notice is only privileged if it is done "without malice." *See Kachlon*, 168 Cal. App. 4th at 338 (2008).

Here, Plaintiff has alleged that Defendants posted, published and recorded, *inter alia*, the notice of Plaintiff's default without any legal justification for doing so, that the notice was false, and that it caused Plaintiff to incur expenses to "clear title to the subject property." *See FAC* ¶¶ 64-66. In addition, Plaintiff alleges that Defendants "knew the documents were false, [yet] created and published them with the malicious intent to injure Plaintiff[]." *See id.* ¶ 68. Plaintiff has adequately pleaded both the elements of a slander of title claim, as well as malice to overcome the privilege otherwise afforded to trustees and beneficiaries acting as trustees. As such, Defendants' motion to dismiss this claim is DENIED.

      8.     <u>Injunctive Relief</u>

Finally, Plaintiff requests injunctive relief from Defendants foreclosing on the property. Such a request is not a cause of action and as such cannot be subject to a motion to dismiss. *See McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159, 69 Cal. Rptr. 2d 692 (1997); Cox *Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002). Therefore, the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

Court will consider injunctive relief as a remedy tethered to Plaintiff's surviving causes of action.

    D.    <u>Motion to Strike</u>

Defendants have also filed a Motion to Strike certain portions of Plaintiff's First Amended Complaint "on the ground that Plaintiff fails to state facts sufficient to support an award of punitive or exemplary damages and the requests [for those damages] are improper and irrelevant." *See Mot. to Strike* 2:11-16.

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f). "The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d 1136, 1139 (S.D. Cal. 2006) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). However, Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Chong*, 428 F. Supp. 2d at 1139 (internal citation omitted). "Thus, courts generally grant a motion to strike only where 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (internal citation omitted). *See also In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion [to strike].") (emphasis in original; citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 534-35, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

California Civil Code § 3294(a) permits punitive damages in cases "for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). In cases against a corporation, a plaintiff must adequately allege "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice . . . on the part of an officer, director, or managing agent of the corporation." *Id.* at § 3294(b). If the requirements of § 3294(a)-(b) are otherwise met, punitive damages are available in slander of title and elder abuse cases. *See, e.g., Castaic Clay Mfg. Co. v. Dedes*, 195 Cal. App. 3d 444, 450, 240 Cal. Rptr. 652 (Cal. Ct. App. 1987). Plaintiff has adequately alleged both the elements of a slander of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#66/67

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

title claim, and that Defendants slandered his title with malice. Nevertheless, plaintiff does not allege "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud or malice" related to the slander of title or elder abuse claims. As pleaded, punitive damages are not available for those claims. In addition, punitive damages are not permitted under California's Unfair Competition Law, *see Clark v. Superior Court*, 50 Cal. 4th 605, 610, 112 Cal. Rptr. 3d 876 (2010), but are allowed under Plaintiff's other remaining claim—the Fair Housing Act claim, *see Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005) (citing *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978)). Plaintiff alleges that Defendants' violated the FHA "reckless[ly], willful[ly] and wanton[ly]," but fails to allege that the directors, officers or managing agent "knew of or ratified" the discriminatory act. *See U.S. v. Tropic Seas, Inc.*, 887 F. Supp. 1347, 1365 (D. Hawai'I 1995).

While Plaintiff has failed to sufficiently plead punitive damages, the claims remaining may allow such recovery upon proper amendment. Defendant's Motion to Strike is GRANTED, striking the allegations and prayer for punitive damages, though Plaintiff is granted LEAVE TO AMEND the punitive damages claims.

IV.     Conclusion

Based on the foregoing, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint according to the following:

(1)     The Truth in Lending Act claim - GRANTED WITH LEAVE TO AMEND.

(2)     The Fair Housing Act claim - DENIED.

(3)     The Cal. Civ. Code § 1632 claim – GRANTED WITH LEAVE TO AMEND.

(4)     Unfair Competition Law Claim - DENIED.

(5)     The Fraud in the Inducement claim - GRANTED WITH LEAVE TO AMEND

(6)     The Intentional Infliction of Emotional Distress claim - GRANTED WITH LEAVE TO AMEND.

(7)     The Elder Financial Abuse claim - DENIED.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#66/67**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | December 16, 2010 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al.* | | |

(8) The Cal. Civ. Code § 2943(b) claim - GRANTED WITH PREJUDICE.

(9) The Slander of Title claim - DENIED.

(10) The Injunctive Relief claim – GRANTED WITH PREJUDICE.

The Court GRANTS Defendants' Motion to Strike WITH LEAVE TO AMEND.

Plaintiff has until **JANUARY 14, 2011** to file a Second Amended Complaint. Failure to do so will result in the case being dismissed with prejudice.

**IT IS SO ORDERED.**