O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9 4
link#9̶6̶
term #100
March 14 hrg vacated

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-9286 PSG (MANx) | Date | March 10, 2011 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Granting Plaintiff's Motion to Set Aside this Court's January 19, 2011 Order Dismissing Certain Claims With Prejudice

Pending before the Court is Plaintiff's Motion to Set Aside this Court's January 19, 2011 Order under Federal Rule of Civil Procedure 60. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiff's motion.

I.      Background

In the First Amended Complaint, Julio Diaz ("Plaintiff") filed this action against Bank of America Home Loan Servicing, LP, Bank of America, Inc., Bank of America, N.A., and Trustee Corps ("Defendants") for predatory lending.[1] *First Amended Complaint* ("*FAC*") ¶ 1. On April 18, 2008, Plaintiff obtained a $227,000 loan from the Bank of America Defendants to refinance real property in Oxnard, California (the "Loan"). *Id.* ¶ 14. The Loan contains a 30-year option arm, for which the lowest available monthly interest payment is $1,126 per month. *Id*. ¶¶ 14-15. Plaintiff is almost 90 years old, does not speak, write, or read English, and his monthly gross income is $1,143. *Id.* ¶ 15.

---

[1] Defendant Trustee Corps was voluntarily dismissed from this action on June 22, 2010. *Dkt*. #55.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link#96
term #100
March 14 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | March 10, 2011 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al*. | | |

After falling behind on the Loan's payment obligations, Plaintiff hired counsel who, beginning in May 2009, contacted Defendants to request information about the origination and servicing of the Loan. *Id*. ¶¶ 24-25. At the same time, Plaintiff mailed a series of certified checks to Defendants in attempts to cover the arrears. *Id*. ¶¶ 14-15. Defendants responded by mailing a notice of intent to accelerate foreclosure. *Id.* ¶¶ 30-31.

Specifically, Plaintiff claims (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (2) violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601; (3) violation of Cal. Civ. Code § 1632; (4) violation of Cal. Bus. & Prof. Code § 17200; (5) fraud in the inducement; (6) intentional infliction of emotional distress; (7) violation of Welf. & Inst. Code § 15600; (8) violation of Cal. Civ. Code § 2943(b); and (9) slander of title. In short, Plaintiff asserts that Spanish-speaking agents of Defendants falsified Plaintiff's financial documents to qualify Plaintiff for the Loan and coerced Plaintiff into accepting the Loan by speaking to him in Spanish, yet providing all of the Loan documents only in English. *See id.* ¶ 18.

On December 16, 2010, this Court granted in part and denied in part Defendants' Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) and Motion to Strike. *See* Dkt. #83 (the "December 16 Order"). Specifically, the Court granted the Motion to Dismiss with respect to Plaintiff's TILA claim (Claim 1), California Civil Code § 1632 claim (Claim 3), Fraud in the Inducement claim (Claim 5), Intentional Infliction of Emotional Distress claim (Claim 6), California Civil Code § 2943(b) claim (Claim 8), and Injunctive Relief claim (Claim 10). In addition, 1the Court granted Defendants' Motion to Strike the portions of Plaintiff's Complaint seeking "punitive or exemplary damages." *Id.* The Court gave Plaintiff until January 14, 2011 to file a Second Amended Complaint, although it dismissed claims 8 and 10 with prejudice. Plaintiff failed to file an amended complaint by the Court ordered deadline and on January 19, 2011, the Court dismissed claims 1, 3, 5, and 6, as well as Plaintiff's punitive and exemplary damages allegations, with prejudice. *See* Dkt. #89 (the "January 19 Order"). Plaintiff then filed the pending Motion to Set Aside the Court's January 19 Order, citing his attorney's neglect. For the reasons that follow, the Court GRANTS Plaintiff's Motion.

II.   Legal Standard

Plaintiff insists that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) provides that, "[o]n motion ... the court may relieve a party or its legal

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link#96
term #100
March 14 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | March 10, 2011 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al*. | | |

representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether an attorney's negligence constitutes "excusable neglect," courts apply the four factor test set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) and *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Mendez v. Knowles,* 556 F.3d 757, 765 (9th Cir. 2009). In addition, when the circumstances of the case so warrant, courts should consider, and give proper weight to, any prejudice to the movant if she were denied relief. *Lemoge v. United States,* 587 F.3d 1188, 1195, 1198 (9th Cir. 2009).

Excusable neglect determinations are "left to the sound discretion of the district court and should be liberally construed to allow for the just determination of cases on their merits." *Bullock v. Ishimaru*, No. CV 06-2329 WQH, 2009 WL 4261196, *1 (C.D. Cal. Nov. 24, 2009) (citing *Rodgers v. Watt*, 722 F.2d 456, 459-60 (9th Cir. 1983)).

III.   Discussion

The Court is persuaded that Rule 60(b)(1) relief from the January 19 Order is warranted under the particular circumstances of this case and the four factor *Pioneer/Briones* test.

Plaintiff's attorney apparently believed that Defendants' filing of an answer to the First Amended Complaint after the Court issued the December 16 Order dismissing certain claims without prejudice, but before the second amended complaint was due, mooted the Motion to Dismiss and the Court's December 16 Order. *See Mot.* 3:9-21 ("When the answer was filed by the defendants, Plaintiff's counsel did not file the Second Amended Complaint . . . because of his . . . belief that the act of responding to the First Amended Complaint rendered the December 16, 2010, order moot."). Moreover, Plaintiff's attorney thought that the Court confirmed this mistaken belief by issuing an Order Setting a Scheduling Conference on January 4, 2011, an Order which made no reference to any potential filing of a second amended complaint. *See id.* 5:26-6:5; *see also* Dkt. #86 (January 4, 2011 Order Setting Scheduling Conference).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link#96
term #100
March 14 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9286 PSG (MANx) | Date | March 10, 2011 |
|---|---|---|---|
| Title | Julio Diaz v. Bank of America Home Loan Servicing, *et al*. | | |

While Plaintiff's attorney is unable to cite a single case as support for his beliefs, Plaintiff's attorney states, under penalty of perjury, that the mistaken beliefs were formed in good faith, *See Diaz Decl.* ¶ 5, a point which Defendants do not dispute, *see Opp'n* 6:12 ("Defendants concede there is no evidence of [attorney] Diaz's bad faith here"). In addition, Defendants concede that Plaintiff's attorney has not caused any undue delay in this case, *see id.* 5:24, and Plaintiff states that an amended complaint is ready to be filed, therefore mitigating any additional delay in the case, *Mot.* 10:4-5 (Plaintiff's Second Amended Complaint "is and has always been ready to be filed"). Defendants do, however, argue that setting aside the January 19 Order would prejudice them by forcing the parties to litigate an additional "four causes of action." *Opp'n* 5:6-8. Although this may be true and additional motion practice may be necessary, the Court is only permitting Plaintiff to amend the operative complaint with respect to claims with which the parties are already familiar and have already litigated. Finally, to the extent that the Court is responsible for any of Plaintiff's good faith confusion, relief under Rule 60(b) in this case is warranted. Accordingly, the balance of the four *Pioneer/Briones* factors weigh in favor of granting Plaintiff's Rule 60(b)(1) motion and resolving Plaintiff's claims on the merits. *See Bullock*, 2009 WL 4261196, at *1.

IV.    Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Set Aside the January 19, 2011 Order. Plaintiff has until **March 21, 2011** to file the Second Amended Complaint or the Court will reinstate the January 19, 2011 Order dismissing claims 1, 3, 5, and 6, as well as Plaintiff's punitive and exemplary damages allegations, with prejudice.

**IT IS SO ORDERED.**