1  BRYAN DIAZ LAW
   A PROFESSIONAL CORPORATION
2  BRYAN DIAZ, STATE BAR NO. 219905
   701 E. SANTA CLARA STREET, STE. 14
3  VENTURA, CALIFORNIA 93001

4  ATTORNEY FOR PLAINTIFF JULIO DIAZ



FILED
CLERK, U.S. DISTRICT COURT

MAR 2 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

6  # UNITED STATES DISTRICT COURT

7  ## CENTRAL DISTRICT OF CALIFORNIA

9   JULIO DIAZ, an Elderly Person,          )  **Case No.  2:09-VC-9286 PSG (MANx)**
                                            )  Hon. Philip Gutierrez
10              Plaintiffs,                 )  Courtroom 880
                                            )
11  vs.                                     )
                                            )  **SECOND AMENDED COMPLAINT FOR**
12  BANK OF AMERICA HOME LOAN               )  **DAMAGES**
    SERVICING, LP.,BANK OF AMERICA,         )
13  INC., BANK OF AMERICA, N.A.,            )
    TRUSTEE CORPS, AND DOES 1               )  # BY FAX
14  THROUGH 100, INCLUSIVE,                 )
                                            )
15              Defendants.                 )
                                            )
16                                          )
                                            )
17                                          )
                                            )
18                                          )

19      Plaintiff Julio Diaz, an elderly person, alleges as follows:

20  ## STATUS AND CAPACITY OF THE PARTIES

21      1.      Plaintiff Julio Diaz (Plaintiff) is, and at all relevant times was, the lawful owner of

22  real property located in the County of Ventura, State of California, which is commonly known

23  as 1814 Napoleon Ave, Oxnard, California ("Subject Property).  The Plaintiff has owned the

24  Subject Property for over twenty (20) years.

25      2.      The Plaintiff is also over sixty-five (65) years of age and, thus, an "elder" as that

26  term is defined by Welfare and Institution Code section 15610.27.

27      3.      The Plaintiff is also Spanish speaking and does not understand, comprehend or

28  speak the English language.

1

**SECOND AMENDED COMPLAINT FOR DAMAGES**

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Bank of America Home Loan Servicing ("BAC") is, and at all times mentioned herein was, a limited partnership operating under the laws of the State of California, and at all times relevant was conducting intrastate business in the State of California. Plaintiff is further informed and believes that BAC is, and at all relevant times was, conducting intrastate business in the State of California as a mortgage broker, loan servicer, and/or lender.

5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Bank of America, Inc. ( "B of A") is, and at all times mentioned herein was, a corporation operating under the laws of the State of California. Plaintiff is further informed that B of A acquired all interest to the subject loan at issue in this litigation and assumed all liability for the wrongful and predatory actions of Countywide Home Loans, the originator of the subject loan. Plaintiff is also informed that B of A is, and at all relevant times was, conducting intrastate business in the State of California as a mortgage broker, loan servicer, and/or lender.

6.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Bank of America, N.A. ( "Bank of America") is, and at all times mentioned herein was, a corporation operating under the laws of the State of California. Plaintiff is further informed that Bank of America acquired all interest to the subject loan at issue in this litigation and assumed all liability for the wrongful and predatory actions of Countywide Home Loans, the originator of the subject loan. Plaintiff is also informed that Bank of America is, and at all relevant times was, conducting intrastate business in the State of California as a mortgage broker, loan servicer, and/or lender. Hereinafter, BAC, B of A and Bank of America shall be referred to as the "Bank of America Defendants."

7.      Plaintiff is informed and believes and thereon alleges that Trustee Corps is, and at all times mentioned herein was, a corporation operating under the laws of the State of California. Trustee Corps is the trustee employed by the Bank of America Defendants to file a Notice of Default against the Subject Property.

8.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1   Plaintiff will seek leave of court to amend this complaint to allege their true names and

2   capacities when same have been ascertained.  Plaintiff is informed and believes, and based

3   thereon alleges, that each of the fictitiously named Defendants is responsible in some manner

4   for the acts, occurrences, and damages hereinafter alleged.  As used hereinafter, the term

5   "Defendants" shall mean and include both the named and DOE defendants.

6       9.      Plaintiff is informed and believes, and based thereon alleges, that each of the

7   Defendants are, and at all times herein mentioned were, the agents, employees, partners, and

8   guarantors of each of the remaining Defendants, and in doing the things hereinafter alleged,

9   were acting within the course and scope of such agency, employment and joint venture.

10  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

11  ratified, approved, and accepted the benefits of the acts of each of the remaining Defendants as

12  herein alleged, with full knowledge of the nature and consequences of such acts.

13      10.     Plaintiff is informed and believes, and based thereon alleges, that immediately

14  prior to the acts hereinafter alleged, Defendants, and each of them, willfully conspired and

15  agreed to do each of the acts hereinafter alleged, and that the acts hereinafter alleged, were

16  undertaken pursuant to, and in furtherance of, said conspiracy and agreement.  Plaintiff is

17  informed and believes, and based thereon alleges, that the acts of each Defendant herein who is

18  not a natural person, were undertaken by said entity through all of its officers, directors, and

19  managing agents, and that these acts, and the above-alleged conspiracy, were entered into with

20  the advance approval and subsequent ratification of all of said Defendant's officers, directors,

21  and managing agents.

22                          **JURISDICTION**

23      11.     Jurisdiction is founded upon 28 U.S.C. section 1331, as this matter presents issues

24  of federal law, and this court has jurisdiction over the subject matter of this action pursuant to the

25  laws of the United States, including, but not limited to, 15 U.S.C. section 1601 *et seq.*

26      12.     This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28

27  U.S.C. section 1367.

28

---

3

**SECOND AMENDED COMPLAINT FOR DAMAGES**

13.     Venue over this matter is appropriate in this court pursuant to 28 U.S.C. section 139(b).  The acts complained of occurred, in substantial part, in the State of California, the property subject to this action is situated in California, the owner of the property resides in California and, at all relevant times material hereto, the Defendants are or were doing business in California

### THE LOAN

14.     On or about April 18, 2008, the Bank of America Defendants conned Plaintiff into a loan, which contained gross terms that an elderly person such as Plaintiff would never, his life time, pay off.  The Bank of America Defendants used Spanish speaking agents and/or brokers to gain the trust and confidence of Plaintiff and thereafter asserted undue influence over him for the sole purpose of selling a loan that almost assured the loss of the Subject Property.

15.     The loan itself is a 30 year option arm loan (otherwise known as "pick a pay loan.") (hereinafter the "Loan").  The interest rate on the Loan is also adjustable such that Plaintiff who is on a fixed income cannot afford.  Indeed, the lowest possible monthly pick-a-pay payment available to Plaintiff is $1,126.  The Plaintiff's gross monthly income is $1,143, which leaves him with $17 at the end of the month to pay for food, utilities, and other essential necessities.

16.     Loans on such terms are usually made to borrowers with sub-optimal credit and are referred to in the mortgage industry as "sub-prime" loans.  Predatory lenders such as the Bank of America Defendants targeted a specific type of victim with sub-prime loans. According to the Center for Responsible Lending, a non-profit research organization and the NAACP, said group generally included the elderly and Hispanics, like Plaintiff.

### LOAN ORIGINATION

17.     California Financial Code section 4973(a)(2) allows for pre-payments charges if the lender or broker offered the borrower another product without a pre-payment charge with appropriate disclosures. The Bank of America Defendants failed to provide Plaintiff with another product without a pre-payment penalty.  The Bank of America Defendants sold Plaintiffs the subject loan even though Plaintiff qualified for more favorable conventional loan.

4

**SECOND AMENDED COMPLAINT FOR DAMAGES**

18. California Financial Code section 4973(f) requires that the lender or broker evaluate the borrower's ability to repay the loan prior to selling the loan. The Bank of America Defendants failed to comply with its statutory obligations. The Plaintiff has been retired for several years and his gross monthly income consists of social security benefits totaling approximately $1,143 a month. Plaintiff is informed and thereon alleges that the Bank of America Defendants forged or falsified financial documents in order to qualify Plaintiff for the Loan. A reasonable and responsible lender would have known that Plaintiff could not reasonably afford the Loan.

19. California Financial Code section 4973(k) provides as follows:

(k) (1) A covered loan shall not be made unless the following disclosure, written in 12-point font or larger, has been provided to the consumer no later than three business days prior to signing of the loan documents of the transaction:

CONSUMER CAUTION AND HOME OWNERSHIP COUNSELING NOTICE

If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan. Mortgage loan rates and closing costs and fees vary based on many other factors, including your particular credit and financial circumstances, your earnings history, the loan-to-value requested, and the type of property that will secure your loan. Higher rates and fees may be justified depending on the individual circumstances of a particular consumer's application. You should shop around and compare loan rates and fees. This particular loan may have a higher rate and total points and fees than other mortgage loans and is, or may be, subject to the additional disclosure and substantive protections under Division 1.6 (commencing with Section 4970 of the Financial Code. You should consider consulting a qualified independent credit counselor or other experienced financial adviser regarding the rate, fees, and provisions of this mortgage loan before you proceed. For information on contacting a qualified credit counselor, ask your lender or call the United States Department of Housing and Urban

5

1    Development's counseling hotline at 1-888-466-3487 or go to

2    www.hud.gov/fha/sfh/hcc for a list of counselors.  You are not required to

3    complete any loan agreement merely because you have received these disclosures

4    or have signed a loan application.  If you proceed with this mortgage loan, you

5    should also remember that you may face serious financial risks if you use this

6    loan to pay off credit card debts and other debts in connection with this

7    transaction and then subsequently incur significant new credit card charges or

8    other debts.  If you continue to accumulate debt after this loan is closed and then

9    experience financial difficulties, you could lose your home and any equity you

10   have in it if you do not meet your mortgage loan obligations.  Property taxes and

11   homeowner's insurance are your responsibility.  Not all lenders provide escrow

12   services for these payments.  You should ask your lender about these services.

13   Your payments on existing debts contribute to your credit ratings.  You should not

14   accept any advice to ignore your regular payments to your existing creditors.

15       20.    The Bank of America Defendants failed to provide Plaintiff with said disclosure

16   prior to signing the loan documents.

17       21.    California Financial Code section 4973(l)(1) & (2) prohibits a person who

18   originates the loan from steering, counseling or directing any prospective borrower to accept a

19   loan product that has a specified risk grade less favorable than another risk grade for which the

20   borrower would be qualified.  Throughout the loan origination process, Plaintiff was steered into

21   accepting the loan by promises of future refinances.

22       22.    Financial Code section 4973(n) also prohibits a person from engaging in fraud

23   concerning the loan.  Plaintiff is informed and believe that the Bank of America Defendants

24   through their authorized agents whose names are unknown at this time falsified Plaintiff's

25   income and bank statements in order to facilitate approval of the loan.

26       23.    California Civil Code section 1632 *et seq*. also requires all consumer contracts to

27   be translated into the language spoken by the consumer *before* the consumer signs the contract.

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**

Te Bank of America Defendants failed to provide Plaintiff with a translation of all material terms of the Loan.

## PREDATORY SERVICING AND WRONGFUL FORECLOSURE

24. Through inadvertence and mistake, the Plaintiff fell behind *two months* in his payment obligations with the Bank of America Defendants because he was unable to read and comprehend the monthly mortgage statements, which were in English.

25. On May 13, 2009, counsel for Plaintiff faxed and mailed the Bank of America Defendants a letter, which read in pertinent part as follows:

> Please be advised that your borrower, Julio Diaz, has retained this
> office to investigate certain complains [sic] about the origination
> and servicing of the above-referenced loan. While a qualified
> written request is being drafted, we are demanding at this juncture
> that Bank of America comply with its statutory obligations and
> contact this office within 14 days in order to discuss options as
> required by California's Civil Code section 2923.5(2). In addition,
> direct all communications concerning this loan to this office
> effective immediately.

A copy of the May 13, 2009, Letter is attached hereto as **Exhibit A**.

26. In response, the Bank of America Defendants mailed Plaintiff's counsel a letter informing him that it was unable to comply without the consent of the borrower. A copy of Defendants' May 28, 2009, is attached hereto as **Exhibit B**.

27. By the time Plaintiff called the Bank of America Defendants on July 3, 2009, he was already behind three months on his mortgage obligations. The Plaintiff spoke with a customer service representative for the Bank of America Defendants (in Spanish) who advised him that the total amount necessary to cure the default was $3,259.22, which represented missed payments for May, June and July, 2009.

28. On July 3, 2009, Plaintiff's counsel forwarded a check in the amount of $3,259.22 to the Bank of America Defendants. The letter also requested that the Bank of America

7

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1  Defendants comply with its statutory obligations as required by Civil Code section 2923.5. A

2  copy of the July 3, 2009, letter addressed to Defendants is attached hereto as **Exhibit C**.

3        29.    On July 6, 2009, Plaintiff's counsel faxed and mailed the Bank of America

4  Defendants a third party authorization signed by Plaintiff. In the letter, Plaintiff's counsel again

5  requested that the Bank of America Defendants comply with its statutory obligations as required

6  by Civil Code section 2923.5. A copy of the July 6, 2009, letter is attached hereto as **Exhibit D.**

7        30.    On July 10, 2009, the Bank of America Defendants mailed the Plaintiff a Notice

8  of Intent to Accelerate. According to the Notice, the Plaintiff had until August 9, 2009, to tender

9  $3,728.62 or the Bank of America Defendants would proceed with foreclosure. A copy of the

10  July 10, 2009, Notice of Intent to Accelerate is attached hereto as **Exhibit E**.

11        31.    On July 17, 2009, the Bank of America Defendants mailed Plaintiff an updated

12  Notice of Intent to Accelerate. According to the new Notice, the Plaintiff had until August 16,

13  2009, in which to tender $2,501.88, or the Bank of America Defendants would proceed with

14  foreclosure. A copy of the July 17, 2009, Notice of Intent to Accelerate is attached hereto as

15  **Exhibit F**.

16        32.    Plaintiff is informed and believes, and thereon alleges, that the Bank of America

17  Defendants intentionally misapplied the funds forwarded on July 3, 2009. The amount tendered

18  on July 3, 2009, obviated the July 17, 2009, Notice of Intent to Accelerate and the Defendants'

19  right to foreclosure on the Subject Property.

20        33.    On July 20, 2009, the Bank of America Defendants informed Plaintiff's counsel

21  that they needed additional time to respond to the July 6, 2009, letter. A copy of the July 20,

22  2009, letter mailed by Bank of America Defendants is attached hereto as **Exhibit G**

23        34.    On July 30, 2009, the Bank of America Defendants formally acknowledged

24  receipt of the July 6, 2009, correspondence (Exhibit D) and confirmed that all future

25  correspondence (whether by telephone or otherwise) would be forwarded to Plaintiff's counsel.

26  A copy of the July 30, 2009, letter from the Bank of America Defendants is attached hereto as

27  **Exhibit H**.

28

8
**SECOND AMENDED COMPLAINT FOR DAMAGES**

35.     Not having heard from the Bank of America Defendants in compliance with California Civil Code section 2923.5, on August 3, 2009, Plaintiff's counsel mailed the Bank of America Defendants a package of financial documents in furtherance of Plaintiff's request for homeowner's assistance. A copy of the August 3, 2009, letter addressed to the Defendants is attached hereto as **Exhibit I**.

36.     On August 6, 2009, the Plaintiff mailed the Bank of America Defendants another certified check in the amount of $3,643.64, since the Bank of America Defendants refused to cancel its July 17, 2009, Notice of Intent to Accelerate. The amount tendered represented payments for August, September and October, 2009. A copy of the August 6, 2009, certified check made out to BAC Home Loans Servicing, L.P. is attached hereto as **Exhibit J.**

37.     In late August, 2009, the Plaintiff mailed the Bank of America Defendants another check in the amount of $1,330.12. This amount was returned by the Bank of America Defendants on September 18, 2009. According to the cover letter attached to the return check, the Plaintiff's loan was still delinquent despite the $3,259.22 made on July 3, 2009, and the $3,643.64 made on August 6, 2009. A copy of the Bank of America Defendants' September 18, 2009, letter is attached hereto as **Exhibit K**.

38.     On September 30, 2009, the Bank of America Defendants mailed the Plaintiff a letter informing him that his loan was in foreclosure and that he should call 1-800-262-4218 to explore options in lieu of foreclosure. Despite the fact that Plaintiff had already submitted his financial package in August 3, 2009, he nevertheless called the number and attempted to speak to a Spanish speaking customer service representative. After several attempts and various dropped calls, the customer service representative refused to "meet and confer" with the Plaintiff as required by Civil Code section 2923.5. Indeed, the Customer Service Representative, who identified himself as "Antonio," refused to take his financial information over the phone, refused to provide the HUD number and failed to inform him that he was entitled to a follow-up "meeting and confer.". A true and correct copy of the September 30, 2009, letter is attached hereto as **Exhibit L**.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

39.     On October 5, 2009, the Defendants, and each of them, recorded a Notice of Default against the Subject Property. The Plaintiff is informed and believes and thereon alleges that the Notice of Default was filed in violation of Civil Code section 2923.5 and 2924 *et seq*., as the Plaintiff was not delinquent at the time of recordation and the Bank of America Defendants failed to "meet and confer" as required by Civil Code section 2923.5. Moreover, according to the Notice of Default filed by Trustee Corp. and the Bank of America Defendants, the Plaintiff was purportedly delinquent a total of $8,177.76. However, prior to the recordation of the Notice of Default, the Plaintiff had tendered a total of $8,232.98 to the Bank of America Defendants. A copy of the Notice of Default is attached hereto as **Exhibit M**.

40.     Before filing the instant lawsuit, the Plaintiff attempted to resolve the matter informally. In particular, on October 20, 2009, Plaintiff's counsel mailed (by overnight mail) the Bank of America Defendants a letter requesting that it rescind the Notice of Default within 5 business days. Included in the letter were also two additional certified checks each in the amount of $1116.22. Thus, by October 20, 2009, the Plaintiff had tendered over $10,000 to the Bank of America Defendants. Despite the clear indication of their wrongdoing, the Defendants, and each of them, refused to rescind the illegal Notice of Default recorded against the Subject Property. A copy of the October 20, 2009, letter is attached hereto as **Exhibit N**.

41.     A similar letter was mailed to Trustee Corps on October 20, 2009. In particular, the letter requested that it rescind the Notice of Default as it was recorded in violation of Civil Code section 2923.5 and 2924 *et seq*. In addition, the letter demanded a "true, correct and complete copy of the note and all other evidence of indebtedness with any modifications" pursuant to California Civil Code section 2943(b)(1). As of the date of filing this Complaint, Trustee Corps has failed to provide the Plaintiff or his counsel with the documents requested under section 2943(b)(1). A copy of the October 20, 2009, letter addressed to Trustee Corps is attached hereto as **Exhibit O**.

42.     On December 1, 2009, a managing agent of Trustee Corps by the name of David Salsito called Plaintiff and threatened to take his home if payment in full was not tendered

**SECOND AMENDED COMPLAINT FOR DAMAGES**

immediately.  Mr. Salsito confirmed that the Notice of Default was not and would not be rescinded.

## FIRST CAUSE OF ACTION

(Violation of Truth in Lending Laws, 15 U.S.C. §1601, et seq.)

(Bank of America Defendants and Does 1 through 100)

43.     Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

44.     15 U.S.C. section 1601 *et seq.* is the Federal Truth in Lending Act ("TILA").  The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (12 C.F.R. §226) and its Official Staff Commentary.  Compliance by lenders with Regulation Z became mandatory October 1, 1982.  Likewise, Official Staff Commentary issued by the Federal Reserve Board is also biding on all enders.

45.     The purpose of TILA is to protect consumers.  This is stated in 12 C.F.R. section 26.1, which reads:

> The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling . . .

46.     Regulation Z also mandates very specific disclosure requirements regarding home loans with which lenders, including the Bank of America Defendants, must comply:

> **§226.17.  General Disclosures Requirements.**
>
> (a) Form of Disclosures.  (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep.  The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required by §226.18.

11

## SECOND AMENDED COMPLAINT FOR DAMAGES

47.     The purpose of the TILA is to assure a meaningful disclosure of credit terms so that the borrowers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing practices.

48.     The Bank of America Defendants' "pick a pay" or option arm Loan violates TILA because the Bank of America Defendants failed to comply with the disclosure requirements mandated by Regulation Z and Official Staff Commentary issued by the Federal Reserve Board. The Bank of America Defendants failed in a number of ways to clearly, conspicuously and/or accurately disclosure the terms of the Loan to Plaintiff, a Spanish speaking individual who does not understand, comprehend or read the English language.

49.     The TILA violations committed by the Bank of America Defendants are more specifically detailed as follows:

The Bank of America Defendants improperly and/or inadequately failed to disclose one or more of the following items to Plaintiff:

    a)  The annual percentage rate;

    b)  The finance charge;

    c)  The amount financed;

    d)  The total number of payments;

    e)  The payment schedule;

    f) Whether the loan has a demand feature;

    g)  Whether the loan was subject to a prepayment penalty, and if so, to make disclosures about the prepayment penalty terms;

50.     As a result of Defendants violations as set forth herein, Plaintiff is entitled to damages as set forth below.

51.     As a result of the Bank of America's fraud, deceit and concealment of facts related to the items subject to disclosure, the Plaintiff did not discover the failure to make the disclosures pursuant to 15 U.S.C. section 1638 until one year within the filing of this complaint. More

specifically, the Plaintiff was prevented from discovering the failure to make the disclosures because all documents were in English, a language not understood by the Plaintiff.

52.     More specifically, the Plaintiff, almost every month since the loan was originated, would visit the local Bank of America branch in Oxnard, California for assistance in translating the loan documents.  Instead of providing any real assistance, the employees at the local branch office would place Plaintiff in front of a telephone and the person on the other end, another Bank of America employee, would make representations that the loan "was fine" and that he should simply "pay what is due and they would look into it."  When the Plaintiff pressed the Bank of America employees for assistance in translating its own documents, the employees would run around, make calls to unidentified individuals, and finally return to Plaintiff and request that he bring in the loan documents for review and translation.  However, when Plaintiff would return with the loan documents, he was again placed in front of the telephone and/or would be asked to return on a later date.  This back and forth lasted until approximately May, 2009, when Plaintiff sought assistance from counsel.

53.     The Plaintiff, who is an elderly man and is caring for his wife who suffered a stroke, was unable to visit the Bank of America branch office every month, but did return as often as he reasonable could to get translation assistance from Bank of America that never came.

### SECOND CAUSE OF ACTION

(Violation of Fair Housing Act, 42 U.S.C. §3601 se seq.)

(The Bank of America Defendants and Does 1 through 100)

54.     Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

55.     The making of a loan, such as the loan to Plaintiff referred to herein, is a "real estate related transaction" subject to the Federal Fair Housing Act.

56.     The Bank of America Defendants, at all material times hereto, were lenders subject to the federal Fair Housing Act, and were prohibited from discriminating against, or providing disparate treatment to individuals on the basis of race, color, religion, sex, familial status, and national origin.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

57.     The Plaintiff is a member of a class of individuals subject to protection from discrimination and/or disparate treatment under the Federal Fair Housing Act.

58.     On information and belief, the Bank of America Defendants purposefully targeted Plaintiff, and other similarly situated, as borrowers based on Plaintiff's race and/or national origin, knowing that Plaintiff suffered from language barriers inherent in Plaintiff's Hispanic origin, making Plaintiff vulnerable to predatory lending practices, including, but not limited to, violations of the Truth in Lending Act and California Civil Code section 1632, as alleged herein.

59.     On information and belief, the Bank of America Defendants offered Plaintiff, and others like Plaintiff, a less-than-favorable loan than would have been offered to a white borrower, all other things being equal, in violation of the Federal Fair Housing Act based on the disparity between the loan terms which were available to Hispanics borrowers and the loan terms to white borrowers.

60.     More specifically, by selling subprime residential mortgages to Plaintiff and other Hispanics who qualify for prime residential mortgages at grossly unfavorable terms compared to white borrowers who continue to receive better terms than their Hispanic counterparts, Bank of America Defendants have discriminated against Plaintiff with respect to his ability to participate in real estate transactions under the terms and conditions that violate 42 U.S.C. §3605.

61.     The Bank of America Defendants engaged in the following facially neutral policies and practices that had an adverse disparate impact on Hispanics and the Plaintiff:

    a)  actively marketing subprime residential loan products directly to consumers, without providing applicants with sufficient information on how to purchase residential mortgage products from Bank of America or one of its related entities;

    b)  providing financial incentives to its mortgage brokers to steer consumers to subprime residential mortgage products in lieu of prime residential mortgage products from Bank of America or one of its related entities;

    c)  not providing meaningful review of loan applications to determine whether the applicant qualifies for a prime residential mortgage product offered by Bank of America and one of its affiliated entities;

14

**SECOND AMENDED COMPLAINT FOR DAMAGES**

62. The foregoing facially neutral policies and practices have a disproportionally adverse effect on Hispanics compared with similarly situated white applicants because Hispanics, like Plaintiff, are subject to a significantly higher likelihood of receiving a subprime residential mortgage loan than white borrowers when they nonetheless qualify for a prime residential mortgage loan. Statistical analysis confirms that Hispanics are more likely to be placed in subprime loans when they qualify for prime loans, than comparable situated whites, thus constituting a violation of the Fair Housing Act.

63. The Bank of America Defendants' violation of the Federal Fair Housing Act as alleged herein has caused Plaintiff to suffer damages, including, but not limited to, financial losses, damage to reputation, embarrassment, humiliation and emotional distress, and Plaintiff has incurred attorney's fees and costs in this matter.

64. The Bank of America Defendants' violation of the Federal Fair Housing Act alleged herein was reckless, willful and wanton, entitling Plaintiff to an award of punitive damages against the Bank of America Defendants.

65. Upon information and belief, the Bank of America Defendants' violation of the Federal Fair Housing Act as alleged herein is and/or has been a continuing violation whereby the Bank of America Defendants have engaged in a pattern or extended practice of exploiting the market of Hispanics in the market area where Plaintiff resides.

66. The conduct alleged herein on the part of the Bank of America Defendants, and each of them, was mandated by the parent corporations of the Bank of America Defendants. In addition, these practices were approved, mandated and ratified at the highest corporate levels of the Bank of America Defendants, including and merely by way of example and subject to that to be proven at time of trial, the directors and officers of the Bank of America Defendants, and the governing bodies of the Bank of America Defendants, including, but not limited to, Serepongky, and others whose names are presently unknown to the Plaintiff who will seek leave of court to amend this complaint when same are ascertained.

67. The above indicates advance knowledge on the part of the Bank of America Defendants, and Does 1 through 100, of its predatory lending practices. This knowledge,

15

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1  combined with the financial abuse on the Plaintiff who is an elder and slander of title shows a

2  conscious disregard, authorization, ratification, oppression and malice on the part of the Bank of

3  America Defendants and their managing agents, within the meaning of Civil Code section 3294.

4                          **THIRD CAUSE OF ACTION**

5                  (Violation of California Business and Professions Code § 17200)

6                  (Bank of America Defendants and Does 1 through 100)

7       68.     Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

8       69.     The Bank of America Defendants and Does 1 through 100 engaged in a

9  systematic practice of negotiating loans knowing that the proposed borrower could not

10 understand the details of English-only loan documents presented to Plaintiff when English was

11 not the borrowers' native language.

12      70.     The marketing, arranging, origination, processing, documentation, wire

13 transmittal, and coordination of courier services incidental to providing a loan, by the Bank of

14 America Defendants and Does 1 through 100, on its own account and/or as a part of the overall

15 deceptive practices of its agents and affiliates, constitute the providing of "services" within the

16 meaning of the California Business and Professions Code section 17200 (also referred to as the

17 Unfair Competition Law or "UCL".)

18      71.     The unlawful, unfair, or fraudulent providing of "services" as alleged herein and

19 the failure to translate the loan documentation into Spanish as required by California Civil Code

20 section 1632 are incidental to the actual provision of any loan by the Bank of America

21 Defendants and Does 1 through 100, and separately constitute practices prohibited by the UCL.

22 Conformance with California Civil Code section 1632 does not obstruct, impair, or improperly

23 condition a Defendants' ability to make real estate loans under 12 U.S.C. section 371 and 12

24 C.F.R. section 34.3, or otherwise.

25      72.     This failure to translate the documents, along with the general misrepresentations

26 as alleged herein, constitutes a practice that was likely to, and did, deceive members of the public

27 including Plaintiff.

28

                      **SECOND AMENDED COMPLAINT FOR DAMAGES**

73. Through the Bank of America Defendants and Does 1 through 100 unlawful, unfair and/or fraudulent business practices, as alleged above, the Bank of America Defendants and Does 1 through 100 targeted people it knew or should have known were vulnerable to its unscrupulous loan practices.

74. Upon information and belief, the Bank of America Defendants and Does 1 through 100, including their agents and assignees, used deception, false promises, and misrepresentations regarding the terms of the loans and services offered to Plaintiff, and to others similarly situated, in misrepresenting, concealing, or omitting the terms of the loans, services and costs, including but not limited to the interest rate, the payments to be made under the loan, the existence of a balloon payment and/or negative amortization, Plaintiff's ability to qualify for the loans, and Plaintiff's ability to refinance loans, if necessary, in the future.

75. Plaintiff reasonably relied upon the Bank of America and Does 1 through 100' representations that the Loan and terms were favorable to Plaintiff and that the Loan would be affordable to him.

76. Plaintiff did rely on the Bank of America and Does 1 through 100's representations concerning the terms of the Loan, particularly, the representation that the monthly installment was equal to or less than $800 a month. Based on the financial information Plaintiff provided to the Bank of America Defendants and Does 1 through 100, the Bank of America Defendants and Does 1 through 100 knew prior to closing that Plaintiff would not be capable of making the loan payments as required by the terms of the loan.

77. The Bank of America Defendants and Does 1 through 100 omitted and concealed the magnitude of risk of loss of the home from Plaintiff by, *inter alia*, failing to translate the relevant documents into Spanish.

78. The Bank of America Defendants and Does 1 through 100's failure to comply with California Civil Code section 2923.5 prior to filing a Notice of Default is an unfair and deceptive business practice.

79. The Bank of America Defendants and Does 1 through 100's have also engaged and continue to engage in the following fraudulent and deceptive business practices:

17

**SECOND AMENDED COMPLAINT FOR DAMAGES**

a) California Financial Code section 4973(a)(2) allows for pre-payments charges if the lender or broker offered the borrower another product without a pre-payment charge with appropriate disclosures. The Bank of America Defendants and Does 1 through 100 failed to provide Plaintiff with another product without a pre-payment penalty. The Bank of America Defendants and Does 1 through 100 sold Plaintiffs the subject loan even though Plaintiff qualified for more favorable conventional loan.

b) California Financial Code section 4973(f) requires that the lender or broker evaluate the borrower's ability to repay the loan prior to selling the loan. The Bank of America Defendants and Does 1 through 100 failed to comply with its statutory obligations. The Plaintiff has been retired for several years and his gross monthly income consists of social security benefits totaling approximately $1,100 a month. Plaintiff is informed and thereon alleges that The Bank of America Defendants and Does 1 through 100 forged or falsified financial documents in order to qualify Plaintiff for the Loan. A reasonable and responsible lender would have known that Plaintiff could not reasonably afford the Loan.

c) California Financial Code section 4973(k) provides as follows:

(k) (1) A covered loan shall not be made unless the following disclosure, written in 12-point font or larger, has been provided to the consumer no later than three business days prior to signing of the loan documents of the transaction:

CONSUMER CAUTION AND HOME OWNERSHIP COUNSELING NOTICE

If you obtain this loan, the lender will have a mortgage on your home. You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan. Mortgage loan rates and closing costs and fees vary based on many other factors, including your particular credit and financial circumstances, your earnings history, the loan-to-value requested, and the type of property that will secure your loan. Higher rates and fees may be justified depending on the individual circumstances of a particular consumer's application.

18

**SECOND AMENDED COMPLAINT FOR DAMAGES**

You should shop around and compare loan rates and fees. This particular loan may have a higher rate and total points and fees than other mortgage loans and is, or may be, subject to the additional disclosure and substantive protections under Division 1.6 (commencing with Section 4970 of the Financial Code. You should consider consulting a qualified independent credit counselor or other experienced financial adviser regarding the rate, fees, and provisions of this mortgage loan before you proceed. For information on contacting a qualified credit counselor, ask your lender or call the United States Department of Housing and Urban Development's counseling hotline at 1-888-466-3487 or go to www.hud.gov/fha/sfh/hcc for a list of counselors. You are not required to complete any loan agreement merely because you have received these disclosures or have signed a loan application. If you proceed with this mortgage loan, you should also remember that you may face serious financial risks if you use this loan to pay off credit card debts and other debts in connection with this transaction and then subsequently incur significant new credit card charges or other debts. If you continue to accumulate debt after this loan is closed and then experience financial difficulties, you could lose your home and any equity you have in it if you do not meet your mortgage loan obligations. Property taxes and homeowner's insurance are your responsibility. Not all lenders provide escrow services for these payments. You should ask your lender about these services. Your payments on existing debts contribute to your credit ratings. You should not accept any advice to ignore your regular payments to your existing creditors. The Bank of America Defendants and Does 1 through 100 failed to provide Plaintiff with said disclosure prior to signing the loan documents.

     d) California Financial Code section 4973(l)(1) & (2) prohibits a person who originates the loan from steering, counseling or directing any prospective borrower to accept a loan product that has a specified risk grade less favorable than another risk grade for which the borrower would be qualified. Throughout

**SECOND AMENDED COMPLAINT FOR DAMAGES**

the loan origination process, Plaintiff was steered into accepting the loan by promises of future refinances.

e) Financial Code section 4973(n) also prohibits a person from engaging in fraud concerning the loan. Plaintiff is informed and believe that The Bank of America Defendants and Does 1 through 100 through their authorized agents whose names are unknown at this time falsified Plaintiff's income and bank statements in order to facilitate approval of the loan.

f) California Civil Code section 1632 *et seq.* also requires all consumer contracts to be translated into the language spoken by the consumer ***before*** the consumer signs the contract. The Bank of America Defendants and Does 1 through 100 failed to provide Plaintiff with a translation of all material terms of the Loan.

80. As a proximate result of the Bank of America Defendants and Does 1 through 100's violation of California Business and Professions Code section 17200, Plaintiff was injured in fact and suffered damages to reputation, emotional distress, humiliation, loss of financial resources, and money damages, including inflated interest, costs of services, increased interest rates, late payment penalties, and other economic damages to be proven at trial. In addition, the Plaintiff has incurred attorneys' fees and costs in connection with bringing this claim.

81. As a result of the Bank of America and Does 1 through 100's violation of the Translation Act and the UCL, the Plaintiff is entitled to, *inter alia*, restitution.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(All Defendants)

82. Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

83. Defendants' actions in targeting Plaintiff for the Loan and violating the Fair Housing Act was intentional and/or reckless, wanton and willful.

84. The Defendants' actions as alleged herein were extreme and outrageous because of Plaintiff's vulnerability to the predatory lending practices described above and because the subject of the loan is Plaintiff's primary residence, which he bought many years ago.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

85.     As a direct result of Defendants' actions alleged herein, Plaintiff has suffered financial loss and the stress inherent with facing the loss of his home, embarrassment, humiliation, and all of these factors have culminated to invade Plaintiff's mental and emotional tranquility and to cause Plaintiff severe emotional distress and resulted in sleeplessness, headaches and vomiting. More specifically, the Plaintiffs does not sleep or sleeps very little. He worries constantly that the "sheriff will come and takes his home away." The Plaintiff does not eat or eats very little. The Plaintiff has had constant diarrhea and shakes uncontrollably; all due to the conduct of the Bank of America Defendants.

86.     Because of the extreme and outrageous nature of Defendant's actions alleged herein, and to deter such conduct in the future, Plaintiff is entitled to an award of punitive damages.

### FIFTH CAUSE OF ACTION

(Financial Elder Abuse - Welfare and Institutions Code Section 15600 et seq.)

(The Bank of America Defendants and Does 1 through 100)

87.     Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

88.     The Bank of America Defendants and Does 1 through 20, including, but not limited to, its agents and employees, targeted Plaintiff because of his age and inability to speak English.

89.     By using Spanish speaking agents and brokers, the Bank of America Defendants and Does 1 through 100, gained the trust and confidence of Plaintiff and others similarly situated and through undue influence, fraud and misrepresentations convinced Plaintiff to refinance his home.

90.     The Loan sold to Plaintiff, as alleged herein, was intended to strip the equity from his home. The equity was in turn taken by the Bank of America Defendants and Does 1 through 100, as well as money in the form of fees, interest and other costs associated with the refinance.

91.     At the time of closing the Plaintiff asked to speak to an independent third party about the substance of the Loan and, in particular, the terms and conditions of the Loan because he could not understand or read English, the Bank of America Defendants and Does 1 through

100, through its managing agents, employees and/or brokers prevented Plaintiff from leaving and coerced him into signing the documents.

92.     At all times mentioned herein, the Bank of America Defendants and Does 1 through 100 acted with malice, fraud and oppression. By way of example, the actions of Bank of America Defendants and Does 1 through 100 of targeting elderly Hispanics, negotiating in Spanish but failing to provide a translation of the written instrument and forcing the elderly to sign documents he or she does not understand is malicious and oppressive conduct.

93.     The conduct of the Bank of America Defendants and Does 1 through 100 constitutes Financial Elder Abuse under Welfare and Institutions Code section 15657.5 as defined by Welfare and Institutions Code section 15610.30.

94.     Under Welfare and Institutions Code section 15667.5(a), the Bank of America Defendants and Does 1 through 100 are each liable to Plaintiff for reasonable attorney's fees and costs.

95.     Plaintiff is entitled to punitive damages.

96.     The conduct alleged herein on the part of the Bank of America Defendants, and each of them, was mandated by the parent corporations of the Bank of America Defendants. In addition, these practices were approved, mandated and ratified at the highest corporate levels of the Bank of America Defendants, including and merely by way of example and subject to that to be proven at time of trial, the directors and officers of the Bank of America Defendants, and the governing bodies of the Bank of America Defendants, including, but not limited to, Serepongky, and others whose names are presently unknown to the Plaintiff who will seek leave of court to amend this complaint when same are ascertained.

97.     The above indicates advance knowledge on the part of the Bank of America Defendants, and Does 1 through 100, of its predatory lending practices of the elderly Hispanic populace and Hispanics in general. This knowledge shows a conscious disregard, authorization, ratification, oppression and malice on the part of the Bank of America Defendants and their managing agents, within the meaning of Civil Code section 3294.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

(Slander of Title Against all Defendants)

98.     Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

99.     Defendants, and each of them, disparaged Plaintiff's exclusive valid title in 2009, by and through the preparing, posting, publication and recording of the documents previously described herein, including, but not limited to, the Notice of Default. Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had not right, title, or interest in the subject property. These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiffs' legal title to the subject property. By posting, publishing, and recording said documents, Defendants' disparagement of Plaintiffs' legal title was made to the world at large.

100.     As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the subject property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continue to suffer damages in an amount to be proven at trial. As a further proximate result of Defendants' conduct, Plaintiff has incurred expenses, including reasonable attorneys' fees, in order to clear title to the subject property. Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title is removed. The amount of future expenses and damages are not ascertainable at this time.

101.     As a further direct and proximate result of Defendants' conduct, Plaintiff suffered humiliation, mental anguish, anxiety, depression and emotional and physical distress, resulting in loss of sleep, weight loss and other injuries to their health and well-being, and continue to suffer from such injuries on an ongoing basis. The amount of such damages shall be proven at trial.

102.     At the time that the false and disparaging documents were created and published by the Defendants, and each of them, they knew the documents were false and created and published them with the malicious intent to injure Plaintiffs and deprive him of their exclusive

23

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1  right, title, and interest in the subject property, and to obtain the subject property for their own

2  use by unlawful means.

3      103.    The conduct of the Defendants, and each of them, in publishing the documents

4  described above were fraudulent, oppressive and malicious. Therefore, Plaintiffs are entitled to

5  an award of punitive damages in an amount sufficient to punish Defendants for their malicious

6  conduct and deter such misconduct in the future.

7      104.    The conduct alleged herein on the part of the Bank of America Defendants, and

8  each of them, was mandated by the parent corporations of the Bank of America Defendants. In

9  addition, these practices were approved, mandated and ratified at the highest corporate levels of

10  the Bank of America Defendants, including and merely by way of example and subject to that to

11  be proven at time of trial, the directors and officers of the Bank of America Defendants, and the

12  governing bodies of the Bank of America Defendants, including, but not limited to, Serepongky,

13  and others whose names are presently unknown to the Plaintiff who will seek leave of court to

14  amend this complaint when same are ascertained.

15      105.    The above indicates advance knowledge on the part of the Bank of America

16  Defendants, and Does 1 through 100, that the notice of default was published without legal

17  justification and was false. This knowledge shows a conscious disregard, authorization,

18  ratification, oppression and malice on the part of the Bank of America Defendants and their

19  managing agents, within the meaning of Civil Code section 3294.

20  **SEVENTH CAUSE OF ACTION**

21  (Injunctive Relief)

22  (All Defendants)

23      106.    Plaintiff incorporates all preceding paragraphs as through fully set forth herein.

24      107.    On or about October 13, 2009, and again on December 1, 2009, the Plaintiff

25  received notification from the Defendants that if Plaintiff did not bring the payments on the

26  Loan current, the Defendants would institute foreclosure proceedings.

27      108.    Plaintiff is not in default yet the Defendants continue to insist that he is in default.

28

24

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1    109.   Plaintiff is faced with clear and present danger of the loss of the Subject Property

2 due to the threatened foreclosure action of the Defendants.

3    110.   Plaintiff will suffer irreparable harm if Defendants are not enjoined from

4 advancing any foreclosure action as to the Subject Property, as Plaintiff will lose his interest in,

5 and possession of, the Subject Property, which is Plaintiff's primary residence and is unique, and

6 Plaintiff has no adequate remedy at law.

7    111.   The Defendants will suffer no injury whatsoever as their interest is adequately

8 protected in the Subject Property.

9    112.   Plaintiff is entitled to a temporary restraining order and a preliminary and

10 permanent injunction prohibiting Defendants, and their officers, agents, employees, servants and

11 attorneys, and those persons in active concert or participation with any of them or each of them,

12 from advancing any foreclosure action or otherwise interfering with Plaintiff's peaceful use and

13 enjoyment of the Subject Property.

14    113.   Plaintiff has been required to retain counsel in this matter to protect Plaintiff's

15 rights and has incurred attorneys' fees and costs in this matter.

16 **WHEREFORE**, Plaintiff prays as follows:

17    1.   For an award of damages against Defendants and each of them on Plaintiff's claims as

18 applicable under federal law as alleged above in an amount to be shown at trial;

19    2.   For an award of damages against Defendants and each of them on the Plaintiff's state law

20 claims, whether general, special, or punitive as alleged above, an amount to be shown at trial;

21    3.   For an award of treble damages pursuant to California Business & Professions Code

22 section 17082;

23    4.   For an award of treble damages against all Defendants pursuant to Civil Code section

24 3345;

25    5.   For an award of attorneys' fees against all Defendants pursuant to Code of Civil

26 Procedure section 1021.5, Health and Safety Code section 1430(b) and/or Welf. & Inst. Code

27 section 15657(a);

28    6.   For an award of recession on behalf of Plaintiff under the California Translation Act;

**SECOND AMENDED COMPLAINT FOR DAMAGES**

7.  For a temporary restraining order and preliminary and permanent injunction prohibiting Defendants and their/its officers, agents, employees, servants, and attorneys, and those persons in active concert or participation with any of them or each of them, as specifically alleged above from proceedings with any foreclosure action as to Plaintiff or proceedings with any collection activities.

8.  That Plaintiff recover from Defendants pre-judgment interest as may be determined by statute or rule;

9.  Pursuant to Federal Rules of Civil Procedure, Rule 38, Plaintiff demands a trial by jury on all issues of fact and this action; and,

10. That this Court grant such other and further relief as it deems just and proper.

Dated: March 21, 2011                          BRYAN DIAZ LAW, P.C.

                                       By: ___/s/ Bryan Diaz_____
                                              Bryan Diaz, Attorney for
                                              Julio Diaz

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the Plaintiff hereby demands a trial by jury to the fullest extent permitted by law.

Dated:  March 21, 2011                    BRYAN DIAZ LAW, P.C.


                                          By: _____ /s/ Bryan Diaz _____
                                          Bryan Diaz, Attorney for Julio Diaz

27

**SECOND AMENDED COMPLAINT FOR DAMAGES**

# EXHIBIT A

## LAW OFFICES OF BRYAN DIAZ

23579 Calabasas Road • Suite 543 • Calabasas, CA 91302 • Tel: 818.324.4911 • Fax: 818.655.0497 • www.bryandiazlaw.com

May 13, 2009

**Via U.S. Mail & Facsimile**
716.635.7256/65

Bank of America
450 American Street
Simi Valley, CA 93065

     RE:          Countrywide Acct. No. 192345907
     Property:    1814 Napolean Ave, Oxnard, CA 93033

Dear Bank of America:

Please be advised that your borrower, Julio Diaz, has retained this office to investigate certain complains about the origination and servicing of the above-referenced loan. While a qualified written request is being drafted, we are demanding at this juncture that Bank of America comply with its statutory obligations and contact this office within 14-days in order to discuss options as required by California's Civil Code section 2923.5(2).

In addition, direct all communications concerning this loan to this office effective immediately.

Sincerely yours,

Bryan Diaz, Esq.

cc:    Julio Diaz
       1814 Napoleon Ave
       Oxnard, CA 93033

## MSG Confirm

Date & Time    : MAY-13-2009 07:26PM WED
Fax Number     :
Fax Name       :
Model Name     : Dell 2335dn MFP

| No | Name/Number | StartTime | Time | Mode | Page | Result |
|----|-------------|-----------|------|------|------|--------|
| 074 | 17166357256 | 05-13 07:25PM | 00'27 | ECM | 001/001 | O.K |

LAW OFFICES OF BRYAN DIAZ

May 13, 2009

Via U.S. Mail & Facsimile
716.635.7256/65

Bank of America
450 American Street
Simi Valley, CA 93065

RE:        Countrywide Acct. No. 192321607
Property:  1814 Napoleon Ave, Oxnard, CA 93033

Dear Bank of America:

Please be advised that your borrower, Julio Diaz, has retained this office to investigate certain complaints about the origination and servicing of the above-referenced loan. While a qualified written request is being drafted, we are demanding at this juncture that Bank of America comply with its statutory obligations and contact this office within 14-days in order to discuss options as required by California's Civil Code section 2923.5(2).

In addition, direct all communications concerning this loan to this office effective immediately.

Sincerely yours,

Bryan Diaz, Esq.

cc:    Julio Diaz
       1814 Napoleon Ave
       Oxnard, CA 93033

# EXHIBIT B

**Bank of America** 

**Home Loans**
*Mail Stop, SV-314B*
*P.O. Box 5170*
*Simi Valley, CA 93062-5170*

**Notice Date:** May 28, 2009

**Account Information Provided to** BAC
Home Loans Servicing, LP .: 192345907

The Law Offices of Bryan Diaz
23579 Calabasas Road Suite 543
Calabasas, CA 91302

**Property Address:**
1814 Napoleon Avenue
Oxnard, CA 93033

---

**IMPORTANT MESSAGE ABOUT THIS LOAN**

We recently received your request for information relating to a BAC Home Loans Servicing, LP. borrower.

**WHAT THIS MEANS**

BAC Home Loans Servicing, LP. will not provide information relating to any BAC Home Loans Servicing, LP. loan without prior consent from our borrower. You may wish to contact the parties involved directly for further assistance. The borrower may, at their discretion, choose to contact us and authorize you to obtain information regarding their loan.

Please fax the borrower's signed and dated request to, Attention: Correspondence at 1-(805) 520-5019 or you may mail the information to:

BAC Home Loans Servicing, LP.
Customer Service Department, CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170

Regrettably, we are unable to comply with your request to direct all future correspondence to your office for Julio Diaz at this time, because we want to make you aware what this entails. Please be advised that once the mailing address is updated, all future correspondence including monthly statements will be forwarded to your office. If you would like BAC Home Loans Servicing, LP. to update your mailing address on borrower's loan, please fax your request along with borrower's account number, name, new mailing address, the last four digit of the borrowers social security number to and authorization to; Attention: Correspondence at 1-(805) 520-5019 or you may mail the information to the above mentioned mailing address:

**WHAT YOU NEED TO DO**

If you need further assistance, please contact our Customer Service Department directly at (800) 669-6607.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

# EXHIBIT C



**Bryan Diaz Law**
PROFESSIONAL CORPORATION

23679 Calabasas Road · Suite 543 · Calabasas, California 91302 · Tel: 818.324.4911 · Fax: 818.232.0345

www.bryandiazlaw.com

July 3, 2009

<u>Via U.S. Mail</u>

BAC Home Loan Servicing, LP
P.O. Box 10219
Van Nuys, CA 91410-0219

    RE: **Diaz v. Bank of America; Loan No. 192345907**

Dear Bank of America:

    Pursuant to California Civil Code section 2924c, enclosed please find a check in the amount of $3,259.22 in connection with the above-referenced matter.

    On May 13, 2009, we wrote requesting a meeting pursuant to California Civil Code section 2923.5, and as of the date of this letter, Bank of America has failed to comply with its statutory obligations. We hereby again demand that Bank of America contact this office at 818.324.4911, to discuss options in lieu of foreclosure as required by California law.

    We look forward to hearing from you.

                Very truly yours,

                BRYAN DIA LAW

        By:

                Bryan Diaz

cc: Client



**OFFICIAL CHECK**

303;11140; REV1 02X08 8610013776

62-20/311   **2388405116**

Loan No. 192345907

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

**WASHINGTON MUTUAL**

Jun 22, 2009  THREE THOUSAND TWO HUNDRED FIFTY-NINE DOLLARS AND 22 CENTS

Pay to the order of:   BANK OF AMERICA

Drawer:Washington Mutual, a division of JPMorgan Chase Bank, N.A.

AUTHORIZED SIGNATURE

REMITTER
JULIO DIAZ                                    – 1562  109

Citibank, N.A. · One Penn's Way · New Castle DE 19720

⑈2388405116⑈ ⑆031100209⑆  3878993 1⑈

# EXHIBIT D



**Bryan Diaz Law**
PROFESSIONAL CORPORATION

23679 Calabasas Road · Suite 543 · Calabasas, California 91302 · Tel: 818.324.4911 · Fax: 818.232.0345

www.bryandiazlaw.com

July 6, 2009

<u>Via U.S. Mail</u>

BAC Home Loan Servicing, LP
Customer Relationship Advoacy
450 America Street
Simi Valley, CA 93065

     RE:    Diaz v. Bank of America

Dear Customer Service:

     This office is in receipt of yours dated June 22, 2009, a copy of which is attached to this letter. Your letter, while addressed to Bryan Diaz Law, identifies a "Mr. Beitra." We strongly suspect that your reference to Mr. Beitra is a typographical error, but in the event it is not, be advised that no such person works at this office.

     As requested, we have requested our client to execute a new authorization and the original is attached hereto for your reference and file.

     We hereby again request that Bank of America comply with its statutory obligations and contact this office to discuss options in lieu of foreclosure as required by California.

               Very truly yours,

               BRYAN DIAZ LAW

     By:_____
             Bryan Diaz



**Bank of America**

Home Loans

June 22, 2009

Bryan Diaz Law
23679 Calabasas Rd., Ste 543
Calabasas, CA  91302

Re:      Property Address: 1814 Napoleon Ave, Oxnard, CA  93033

Dear Mr. Beitra:

This letter is pursuant to your letter dated June 3, 2009, received on June 3, 2009, regarding the above-referenced property.  Your concerns were forwarded to my attention for review and reply.

In your letter, you indicated that your office has been retained to negotiate the modification of the above-referenced loan.

Our privacy policy, designed to protect our clients, prohibits Bank of America Home Loans from commenting or providing information on a consumer's loan without proper authorization being received.  If you wish to pursue this matter, please forward written authorization from your client reflecting a signature similar to that of the signatures on the loan documents to the undersigned at the mailing address below, or by fax at 1.800.658.9364.

Thank you for this opportunity to be of service.

Sincerely,

Customer Service

Customer Relationship Advocacy, CA6-919-02-30
450 American St., Simi Valley, CA 93065

Equal Housing Lender.

Recycled Paper



**Bryan Diaz Law**
PROFESSIONAL LAW CORPORATION

23879 Calabasas Road · Suite 542 · Calabasas, California 91302 · Tel: 818.655.0495 · Fax: 818.655.0497
www.bryandiazlaw.com

I, Julio Diaz, have retained this office to represent me in connection with a loan originated or serviced by Bank of America. The loan number is 192345907. I hereby request that all communications concerning his loan be directed to this office.

Executed on the 6th day of July, 2009, in Oxnard, California.

Julio Diaz

# EXHIBIT E

**Bank of America** 🦅

**Home Loans**
P.O. Box 10221
Van Nuys, CA 91410-0221

Business Address:
450 American Street
Simi Valley, CA 93065-6285

Send Payments to:
P.O. Box 10219
Van Nuys, CA 91410-0219

July 10, 2009

Sent Certified Mail:
7113 8257 1473 4549 7240
Return Receipt Requested

Julio A Diaz
1814 NAPOLEON AVE
OXNARD, CA 93033-1812

Account No.: 192345907
Property Address:
1814 Napoleon Avenue
Oxnard, CA 93033-1812

## NOTICE OF INTENT TO ACCELERATE

Dear Julio A Diaz:

BAC Home Loans Servicing, LP (hereinafter "BAC Home Loans Servicing, LP") services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this letter is as follows:

| Monthly Charges: | 04/01/2009 | | |
|---|---|---|---|
| | | | $4,507.04 |
| Late Charges: | 04/01/2009 | | |
| | | | $152.52 |
| Other Charges: | Total Late Charges: | | $50.84 |
| | Uncollected Costs: | | $45.00 |
| | Partial Payment Balance: | | ($1,026.78) |
| | | TOTAL DUE: | $3,728.62 |

You have the right to cure the default. To cure the default, on or before August 9, 2009, BAC Home Loans Servicing, LP must receive the amount of $3,728.62 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before August 9, 2009.

The default will not be considered cured unless BAC Home Loans Servicing, LP receives "good funds" in the amount $3,728.62 on or before August 9, 2009. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. BAC Home Loans Servicing, LP reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before August 9, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, BAC Home Loans Servicing, LP and the Noteholder shall be entitled to collect all fees and costs incurred by BAC Home Loans Servicing, LP and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, BAC Home Loans Servicing, LP may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.

If you are unable to cure the default on or before August 9, 2009, BAC Home Loans Servicing, LP wants you to be aware of various options that may be available to you through BAC Home Loans Servicing, LP to prevent a foreclosure sale of your

# EXHIBIT F

**Bank of America** 

**Home Loans**
P.O. Box 10221
Van Nuys. CA 91410-0221

*Business Address:*
450 American Street
Simi Valley, CA 93065-6285

. *Send Payments to:*
P.O. Box 10219
Van Nuys. CA 91410-0219

July 17, 2009

Sent Certified Mail:
7113 8257 1473 4682 3796
Return Receipt Requested

Julio A Diaz
1814 NAPOLEON AVE
OXNARD, CA 93033-1812

Account No.: 192345907
Property Address:
1814 Napoleon Avenue
Oxnard, CA 93033-1812

## NOTICE OF INTENT TO ACCELERATE

Dear Julio A Diaz:

BAC Home Loans Servicing, LP (hereinafter "BAC Home Loans Servicing, LP") services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this letter is as follows:

| Monthly Charges: | 06/01/2009 | | $2,253.52 |
|---|---|---|---|
| Late Charges: | 06/01/2009 | . | $50.84 |
| Other Charges: | Total Late Charges:<br>Uncollected Costs:<br>Partial Payment Balance: | | $152.52<br>$45.00<br>($0.00) |
| | . **TOTAL DUE:** | . . . | **$2,501.88** |

You have the right to cure the default. To cure the default, on or before August 16, 2009, BAC Home Loans Servicing, LP must receive the amount of $2,501.88 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before August 16, 2009.

The default will **not** be considered cured unless BAC Home Loans Servicing, LP receives "good funds" in the amount $2,501.88 on or before August 16, 2009. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. BAC Home Loans Servicing, LP reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before August 16, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, BAC Home Loans Servicing, LP and the Noteholder shall be entitled to collect all fees and costs incurred by BAC Home Loans Servicing, LP and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, BAC Home Loans Servicing, LP may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.

If you are unable to cure the default on or before August 16, 2009, BAC Home Loans Servicing, LP wants you to be aware of various options that may be available to you through BAC Home Loans Servicing, LP to prevent a foreclosure sale of your

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

# EXHIBIT G

**Bank of America**

**Home Loans**

Customer Service Department, CA6-919-01-41
450 American Street
Simi Valley, CA 93065-6298

July 20, 2009

Bryan Diaz Law
23679 Calabasas Road Suite #543
Calabasas, CA 91302

Attn: Bryan Diaz

Subject:   Bank of America Home Loan account ending in # 5907
           Borrower: Julio A. Diaz
           Property Address: 1814 Napoleon Avenue, Oxnard, CA 93033

Dear Mr. Diaz:

Thank you for contacting Bank of America Home Loans, ("Bank of America"), with your correspondence dated July 06, 2009, regarding the above-referenced home loan.

The concerns addressed in your correspondence require a further detailed analysis; therefore, we graciously request you allow additional time for our reply. Please know our goal is to surpass your expectations by responding in an impartial and expeditious manner.

In the event you should require additional assistance, please contact the Customer Service Department directly at (800) 669-6607. Thank you for this opportunity to be of service.

Sincerely,

Customer Service

# EXHIBIT H



**Home Loans**

*Customer Service Department, CA6-919-01-41*
*450 American Street*
*Simi Valley, CA 93065-6298*

July 30, 2009

Bryan Diaz Law
23679 Calabasas Road Suite 543
Calabasas, CA 91302
Attention: Bryan Diaz

Re:     Bank of America Home Loan account ending: 5907
        Borrower: Julio A. Diaz
        Property Address: 1814 Napoleon Avenue, Oxnard, CA 93033

Dear Mr. Diaz:

Thank you for contacting our office with your correspondence dated June 3, and July 6, 2009. The concerns referenced in your correspondence were forwarded to my attention for review and response.

In your letter, you expressed dissatisfaction with various aspects of the origination of the above-referenced loan.

Additionally, please be informed that pursuant to your correspondence, dated June 3, and July 6, 2009, and unless instructed otherwise by you or the Borrower(s) in writing, all further correspondence regarding the above-referenced loan, including monthly statements, year end statements, escrow analysis, and all other related matters, will be sent to you instead of to the mailing address we currently have on file for the borrower(s) listed above. Further, per your request the subject loan has been updated so that you/your client will no longer receive calls from our Collection Department.

In the event you would like Bank of America to review your loan for the possibility of payment assistance, the following items are required:

- Evidence of income (2 most recent pay stubs)
- Bank statements (2 most recent)
- Last year's tax returns
- Monthly expenditure information
- Letter of hardship

Please forward the required information to our Home Retention Division by fax at 1.866.619.4249. You may also contact our Home Retention Division directly at 1.800.262.4218. It is important for your client to know that assistance is not guaranteed and is dependent on several factors, but Bank of America will look at every option in an effort to assist your client.

# EXHIBIT I



**Bryan Diaz Law**
PROFESSIONAL CORPORATION

23679 Calabasas Road · Suite 543 · Calabasas, California 91302 · Tel: 818.324.4911 · Fax: 818.232.0345

www.bryandiazlaw.com

August 3, 2009

**Via Facsimile & U.S. Mail**
1.866.619.4249

BAC Home Loan Servicing, LP
Customer Service Department CA6-919-04-41
450 American Street
Simi Valley, CA 93065

      RE:     *Diaz v. Bank of America*
      Loan No.:   192345907

Dear Loss Mitigation:

This office is in receipt of yours dated July 30, 2009. Thank you.

As instructed, enclosed please find the following documents in connection with Julio Diaz's request for assistance pursuant to California law:

- Copy of Social Security Benefits for Julio Diaz;
- Copy of Social Security Benefits for Juana Diaz (wife);
- Copy of pension payment in the amount of $62.36 monthly; and,
- August 4, 2009 Bank Statement;

*\*\*\* Please be advised that Mr. & Mrs. Diaz did not file a 2008 Tax Return because their entire income is derived from Social Security Benefits. See IRS Publication 915. \* \* \**

Based on the financial documents provided and enclosed with this letter, Julio Diaz's *monthly gross income* is approximately $1,648. The household *monthly expenses* are approximately $850 as follows[1]:

Utilities: $300          Telephone/Cell Phone: $200          Food: $350

In your letter you also request a "Letter of Hardship." Please allow the following as Julio Diaz's Letter of Hardship:

Mr. Diaz has been a victim of predatory lending and elder abuse. He is approximately 90 yrs old and retired for several years. At the time the loan was originated and funded he was over the age of 60, retired and on a fixed income as outlined above. We strongly believe that the entire loan origination is a fraud, intended solely to strip Julio Diaz of equity. As a result, Julio Diaz and his wife are forced to go without necessities, such as food, in order to keep their home of over approximately 30 years.

I hope the foregoing is sufficient for your purposes. Should you require any additional information, please contact the undersigned.

Very truly yours,

BRYAN DIAZ LAW

By:

Bryan Diaz, Esq.

cc: Client.

---

[1] Julio Diaz has no other debt. To be clear, Julio Diaz has no credit card, automobile, personal or other debt.



S 553,085,178

08 03 09   3   SAN FRANCISCO, CA

3157 05428351 28045900 S1   5   S

Pay to the order of

JULIO A DIAZ
1874 NAPOLEON AVE
OXNARD CA   93033-1812   51

Check No.

3157 05428351

SOC SEC
FOR JUL

VOID AFTER ONE YEAR

$***7143*00

⑈31570⑈   ⑆000000518⑉ 054283515⑈ 070809



08 J3 09   13   SAN FRANCISCO, CA

3157 05428430 28045900 S1   5   S

3157 05428430

Check No.

Pay to the order of

3157 05428430

JUANA G DIAZ
1814 NAPOLEON AVE
OXNARD CA  93033-1812

30

SOC SEC
FOR JUL

VOID AFTER ONE YEAR

$****443*00

454

⑈31570⑈   ⑆000000518⑆ 05428430 7⑆ 070809

**STATE STREET**
CHW Service Center
P.O. Box 24989
Jacksonville, FL 32241-4989
(877) 563-5094 Toll Free

IF YOUR ADDRESS IS NOT CORRECT PLEASE PRINT THE CORRECT ADDRESS ON THE BACK OF THIS STUB AND RETURN IT TO THE ADDRESS ABOVE.

SSBCK82R J2419E 0001.44868
FW25   :918 DM,I-5,1OZ.M2    PP002.COR25
8548   8548       :    1_---4----

JULIO DIAZ
1814 NAPOLEON AVE
OXNARD CA 93030

ACCOUNT ID CHWWEST-MERC-VENT
PLAN NAME  CHW - MERCY HEALTHCARE VENTURA COUNTY

PERIOD BEGINNING:
PERIOD ENDING:

## PAYEE INFORMATION

| PAYMENT DATE | CHECK NO. | PAYEE SOC. SEC. NO. | NET PAYMENT |
|---|---|---|---|
| JULY 01, 2009 | 130221978 | ***_**_**** | 62.36 |

## PAYMENT DETAIL

| PAYMENT SOURCES | Current | Year-To-Date | DEDUCTIONS | Current | Year-To-Date |
|---|---|---|---|---|---|
| TAX PAY | 62.36 | 438.52 | | | |

| GROSS PAYMENT | | 62.36 | 438.52 | TOTAL DEDUCTIONS | 0.00 | 0.00 |

# Washington Mutual Bank ACCOUNT TRANSACTION HISTORY

| ACCOUNT # | ACCOUNT NAME | | | |
|---|---|---|---|---|
| | DIAZ JULIO | | | |

**PRODUCT**

FREE CHECKING

| CURRENT BALANCE: | $75.43 |
|---|---|

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 08/03/2009 | -$20.56 | | | |
| 08/03/2009 | -$14.07 | | | MC-AMAR RANCH #40 OXNARD CA |
| 08/03/2009 | -$45.54 | | | MC-AMAR RANCH #40 OXNARD CA |
| 08/03/2009 | -$30.45 | | | 2401 SAVIERS RD. OXNARD 0803 MDSCA |
| 08/03/2009 | -$27.81 | | | 2850 S ROSE AVE OXNARD 0801 MDSCA |
| 07/31/2009 | -$7.68 | | | 111 E CHANNEL ISLAND BOXNARD 0801 MDSCA |
| 07/30/2009 | -$23.21 | | | MC-TONYS MARKET OXNARD CA |
| 07/29/2009 | -$17.32 | | | 508 EAST DATE ST OXNARD 0730 MDSCA |
| 07/29/2009 | -$17.80 | | | MC-TONYS MARKET OXNARD CA |
| 07/29/2009 | -$27.18 | | | MC-AMAR RANCH #40 OXNARD CA |
| 07/29/2009 | | $4.35 | | MC-CARQUEST 04073086 OXNARD CA |
| 07/29/2009 | -$30.45 | | | MC-CARQUEST 04073086 OXNARD CA |
| 07/29/2009 | -$29.25 | | | 2850 S ROSE AVE OXNARD 0729 MDSCA |
| 07/29/2009 | -$23.66 | | | 111 E CHANNEL ISLAND BOXNARD 0729 MDSCA |
| 07/27/2009 | -$32.70 | | | 2001 NORTH ROSE AVENUEOXNARD 0729 MDSCA |
| 07/24/2009 | -$11.31 | | | 111 E CHANNEL ISLAND BOXNARD 0725 MDSCA |
| 07/24/2009 | -$23.77 | | | 508 EAST DATE ST OXNARD 0724 MDSCA |
| 07/23/2009 | -$25.45 | | | 133 W. PLEASANT VALLEYOXNARD 0724 MDSCA |
| 07/22/2009 | -$11.70 | | | 2850 S ROSE AVE OXNARD 0723 MDSCA |
| 07/22/2009 | -$27.38 | | | MC-AMAR RANCH #40 OXNARD CA |
| 07/20/2009 | -$30.45 | | | TONYS MARKET OXNARD 0722 MDSCA |
| 07/17/2009 | -$9.75 | | | 2850 S ROSE AVE OXNARD 0720 MDSCA |
| 07/17/2009 | -$7.14 | | | 111 E CHANNEL ISLAND BOXNARD 0717 MDSCA |
| 07/15/2009 | -$26.08 | | | 2165 E. CHANNEL ISLANDOXNARD 0717 MDSCA |
| 07/15/2009 | -$25.45 | | | MC-99 CENT DISCOUNT STORE OXNARD CA |
| 07/15/2009 | -$6.07 | | | 2850 S ROSE AVE OXNARD 0715 MDSCA |
| 07/14/2009 | -$11.83 | | | 2201 E. CHANNEL IS OXNARD 0715 MDSCA |
| 07/13/2009 | -$6.07 | | | 2201 E. CHANNEL IS OXNARD 0714 MDSCA |
| 07/09/2009 | -$29.89 | | | 2201 E. CHANNEL IS OXNARD 0711 MDSCA |
| 07/09/2009 | -$14.44 | | | MC-VERIZON INTERNET SVCS 800-567-6789 TX |
| 07/08/2009 | -$30.45 | | | MC-AMAR RANCH #40 OXNARD CA |
| 07/08/2009 | -$25.71 | | | 2850 S ROSE AVE OXNARD 0709 MDSCA |
| 07/08/2009 | -$3.70 | | | MC-AMAR RANCH #40 OXNARD CA |
| 07/07/2009 | -$2,243.92 | | | MC-AMAR RANCH #40 OXNARD CA |
| 07/07/2009 | | $2,243.92 | | CUSTOMER WITHDRAWAL |
| 07/07/2009 | -$1,586.00 | | | CUSTOMER DEPOSIT |
| 07/07/2009 | | $1,586.00 | | CUSTOMER WITHDRAWAL |
| 07/07/2009 | -$1,228.44 | | | CUSTOMER DEPOSIT |
| 07/07/2009 | | $1,586.00 | | CUSTOMER WITHDRAWAL |
| 07/06/2009 | -$8.12 | | | CUSTOMER DEPOSIT |
| 07/06/2009 | -$13.49 | | | MC-AMAR RANCH #40 OXNARD CA |
| 07/06/2009 | -$19.66 | | | MC-AMAR RANCH #40 OXNARD CA |
| | | | | MC-AMAR RANCH #40 OXNARD CA |

Case 2:09-cv-03661-PSG-MAN Document 104 Filed 03/21/11 Page 64 of 100 Page ID #:1437

**Washington Mutual Bank**

ACCUO... TRANSACTION HISTORY

ACCOUNT #

ACCOUNT NAME
DIAZ JULIO

PRODUCT
FREE CHECKING

CURRENT BALANCE: $75.43

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|------|-------------|----------|---------|-------------|
| 07/03/2009 | -$25.98 | | | 111 E CHANNEL ISLAND BOXNARD 0703 MDSCA |
| 07/01/2009 | -$35.45 | | | 2850 S ROSE AVE OXNARD 0701 MDSCA |
| 06/30/2009 | -$25.78 | | | 2401 SAVIERS RD. OXNARD 0630 MDSCA |
| 06/29/2009 | -$28.63 | | | MC-AMAR RANCH #40 OXNARD CA |
| 06/24/2009 | -$38.46 | | | 2800 SAVIERS RD OXNARD 0624 MDSCA |
| 06/24/2009 | -$13.25 | | | 133 W. PLEASANT VALLEYOXNARD 0624 MDSCA |
| 06/23/2009 | -$30.45 | | | 2850 S ROSE AVE OXNARD 0624 MDSCA |
| 06/22/2009 | -$34.76 | $443.00 | | 2165 E. CHANNEL ISLANDOXNARD 0623 MDSCA |
| | | | | CUSTOMER DEPOSIT |

3124m (08/02)

TRANSMISSION VERIFICATION REPORT

```
TIME   :  08/04/2009 20:41
NAME   :  DIAZLAW
FAX    :  18182320345
TEL    :  18183244911
SER.#  :  K8J348052
```

```
DATE,TIME          08/04  20:39
FAX NO./NAME        18666194249
DURATION           00:01:50
PAGE(S)            07
RESULT             OK
MODE               STANDARD
                   ECM
```

# EXHIBIT J



**OFFICIAL CHECK**

2388405576

WASHINGTON MUTUAL

Aug 6, 2009 THREE THOUSAND SIX HUNDRED FORTY THREE DOLLARS AND 64 CENTS

Pay to the order of:

BAC HOME LOANS SERVICING, LP

Drawer: Washington Mutual, a division of JPMorgan Chase Bank, N.A.

AUTHORIZED SIGNATURE

REMITTER
JULIO DIAZ

1552 116

Citibank, N.A. - One Penn's Way - New Castle DE : 8720

⑆ 2388405576⑈ ⑆031100209⑈ 3876993 1⑈

# EXHIBIT K

# Bank of America
## Home Loans

Mail Stop SV-34
450 American Street
Simi Valley, CA 93065

**Notice Date:** September 18, 2009

**Account No.:** 192345907-5

Julio A Diaz
23679 Calabasas Rd Ste 543
Calabasas, CA 91302

**Unique Key: Ep09160001486001**
**Property Address:**
1814 Napoleon Avenue
Oxnard, CA 93033
Check Numbers:536012690
Amount: $1330.12
Funds In Partial:0.00

---

## IMPORTANT MESSAGE ABOUT YOUR LOAN

Thank you for sending the enclosed payment. Although we appreciate your effort to settle your account, it is necessary to return these funds to you for the following reason:

The amount remitted does not represent the total due. Concur

## WHAT THIS MEANS

Please note that additional amounts may become past due until your account is brought fully current.

If you have any questions, please contact at 1888-219-7773.

TOTAMTDUE 7674 8/27/2007

EGUDO

JULIO A DIAZ

23679 CALABASAS RD STE 543
CALABASAS CA 91302

LN# 192345907
EDITH GUDINO

ERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.

CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

**Bank of America**
AC Home Loans Serv. LP
00 Countrywide Way
imi Valley, CA 93065-6298

if unable to apply funds,
please return check to:
P.O. Box 5012
Woodland Hills, CA 91365-5012

62-28/311
Bank One
Chicago, IL

NO. 0000064895

DATE
09/29/2009

AMOUNT
$*******1,330.12****

PAY ONE THOUSAND THREE HUNDRED THIRTY DOLLARS AND 12 CENTS****

TO:    JULIO A DIAZ ***********************
       23679 CALABASAS RD STE 543 **********
       CALABASAS CA 91302

VOID AFTER 180 DAYS

_Jack S L rt_

_Hama M_

⑆0000064895⑆ ⑉031100283⑈ 09 77616⑈

EXHIBIT L

**Bank of America**

**Home Loans**
P.O. Box 10222
Van Nuys, CA 91410-0222

Nel3455-0013656 LETAS 001 ------ 7,TTL3

Julio A Diaz
23679 Calabasas Rd Ste 543
Bryan Diaz Law
Calabasas, CA 91302-1502

**Notice Date:**   September 30, 2009

**Account No.:**   192345907

**Property Address:**
1814 Napoleon Avenue
Oxnard, CA

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Because your home loan is delinquent, it has been referred to BAC Home Loans Servicing, LP's Foreclosure Management Committee for review.

**WHAT THIS MEANS**

This does not necessarily mean the end of your homeownership dreams. We want you to be fully aware of the various options that may be available through BAC Home Loans Servicing, LP, to possibly bring your loan current and avoid foreclosure.

**WHAT YOU NEED TO DO**

You may be eligible to take advantage of one of the workout or other options described below which may stop the foreclosure process.

1. **Repayment Plan:** Based on your financial circumstances and investor requirements, we may be able to arrange a new repayment plan that's easier on you and your finances.
2. **Loan Modification:** Depending on investor requirements and if your financial situation has improved sufficiently to enable you to resume making payments, we may be able to restructure your loan.
3. **Short Payoff:** If you receive an offer to purchase your home for less than the total amount owed, you may still be able to sell the property via a short payoff and avoid a foreclosure sale. This option is wholly dependent on investor requirements.
4. **Full Payoff:** During the foreclosure process, you may sell your property for any amount equal to or exceeding the total amount owed on your loan.

The availability of these options is dependent on a variety of factors, some of which are not within BAC Home Loans Servicing, LP's control. However, we encourage you to call Loss Prevention at 1-800-262-4218 so that we may review your situation and discuss which plans may be available to you.

We want to help you keep your home. Please call us today.

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector.
FCOPTLET 11276 08/12/2009

# EXHIBIT M

## IMPORTANT INFORMATION – PLEASE READ FIRST

You are being provided this notice because of a search of the public record or from information provided by our client.

To obtain a payoff / reinstatement or to cure the default you will need to contact our office. In order to assist you please use the contact information noted below.

Contact information

| | |
|---|---|
| Email requests: | support@trusteecorps.com |
| Facsimile requests: | (949) 252-8330 |
| Written requests: | Trustee Corps (Foreclosure Department) |
| | 30 Corporate Park |
| | Suite 400 |
| | Irvine, CA 92606 |

On all request

Please include:   The information you're Requesting
Your Name
Your Mailing Address
Your Phone Number
Your Loan Number
Our File Number
Your relationship to the property in foreclosure
(Example: property owner, junior lien holder, escrow
company, etc.)

Please make your request as soon as possible.
Information will be made available only to those authorized to obtain the
information.

---

In compliance with the Fair Debt Collection Practices Act, the enclosed notice(s) is(are) being provided. We are attempting to collect a debt and any information we obtain will be used for that purpose. The debt being collected is assumed to be valid unless debtor disputes within 30 days. If disputed, debt collector will obtained and furnish to debtor verification of the debt. If written request is made within 30 days by debtor, the name of the original lender will be given if different than current. The amount of the debt is contained on the enclosed notice. The name of the creditor is contained on the enclosed notice.

To obtain this information please contact: TRUSTEE CORPS, 30 CORPORATE PARK, SUITE 400, IRVINE, CA 92606.

With your request please include: Your name, Your Mailing Address, Your Phone Number, Your Loan number, and Our File Number. If you should have any questions, please feel free to contact our office during our normal business hours of 8:00 am to 5:00 pm Pacific Time. Our phone number is 949-252-8300.

**NORTH AMERICAN TITLE CO.**
[RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:]

Trustee Corps
30 Corporate Park, Suite 400
Irvine, CA 92606

This is to certify that this is a True and Correct copy
of the Original recorded_____ 10-5-09
instrument No. 20091005-00114003
NORTH AMERICAN TITLE COMPANY

By_____

[ Space above this line for recorder's use only]

Trustee Sale No. CA0957808-3     Loan No. 192345907     Title Order No. 964398

## IMPORTANT NOTICE
# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$8,177.76** as of **10/01/2009** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or Mortgage, the Beneficiary or Mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or Mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or Mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Beneficiary or Mortgagee may mutually agree in writing prior to the time the Notice of Trustee's Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

Trustee Sale No. CA0957805-3  Loan No. 132345907  Title Order No. 964399
ATO CONTROL NO. 83253BMP827A

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP**
c/o TRUSTEE CORPS
2112 BUSINESS CENTER DRIVE
2ND FLOOR
IRVINE, CA  92612
(949) 252-8300

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN THAT:** MTC FINANCIAL INC. dba TRUSTEE CORPS is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 04/18/2008, executed by JULIO A DIAZ, A MARRIED MAN AS HIS SOLE & SEPARATE PROPERTY, as Trustor, to secure obligations in favor of COUNTRYWIDE BANK, FSB the original Lender and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., A SEPARATE CORPORATION, ACTING SOLELY AS NOMINEE FOR LENDER AND LENDER'S SUCCESSORS AND ASSIGNS, the original Beneficiary Recorded on 04/29/2008 as Document No. 20080429-00068811-0 of official records in the Office of the Recorder of Ventura County, California, as more fully described on said Deed of Trust. Including a Note(s) for the sum of $227,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 05/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS FORECLOSURE COSTS AND LEGAL FEES.

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to TRUSTEE CORPS, said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DATED: 10/2/09

MTC FINANCIAL INC. DBA TRUSTEE CORPS, as Agent for BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP
BY: North American Title Company
Authorized Signatory

THERESA CARSON

> TRUSTEE CORPS IS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT N

# FedEx Shipment 797037114605 Delivered

From: **TrackingUpdates@fedex.com**
Sent: Wed 10/21/09 4:24 PM
To:   bryan@bryandiazlaw.com

---

This tracking update has been requested by:

Company Name:
Name:            Bryan Diaz Law
E-mail:          Bryan Diaz
                 bryan@bryandiazlaw_com

---

Our records indicate that the following shipment has been delivered:

Reference:                       0GJC
Ship (P/U) date:                 Oct 20, 2009
Delivery date:                   Oct 21, 2009 9:20 AM
Sign for by:                     D.TRAN
Delivered to:                    Mailroom
Service type:                    FedEx Standard Overnight
Packaging type:                  FedEx Envelope
Number of pieces:                1
Weight:                          1.00 lb.
Special handling/Services:       Deliver Weekday

Tracking number:                 797037114605

Shipper Information                          Recipient Information
Bryan Diaz                                   BAC
Bryan Diaz Law                               BAC Home Loans
128 S. California St                         450 AMERICAN ST
Suite A                                      SIMI VALLEY
Ventura                                      CA
CA                                           US
US                                           93065
93001

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 11:24 AM CDT
on 10/21/2009.

Learn more about new ways to track with FedEx.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of the
request, the requestor's message, or the accuracy of this tracking update. For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.



**BRYAN DIAZ LAW**
PROFESSIONAL CORPORATION

128 South California, Suite A
Ventura, California 93001
Tel: 805.652.1284
Fax: 805.652.1843
www.bryandiazlaw.com

October 20, 2009

**VIA FEDERAL EXPRESS**
Tracking No. 7970 3711 4605

BAC Home Loan Servicing, LP
450 American Street
Simi Valley, CA 93065-6285

   RE:   *Diaz v. BAC Home Loan Servicing, LP*
   Loan No:.  192345907-5
   Property:  1814 Napoleon Ave, Oxnard, CA

Dear Bank of America:

   It has come to our attention that you have illegally filed a Notice of Default against the above-captioned property. On October 15, 2009, this office spent 4 hours on the phone with various representative, including Claresse, Empl. No. 9822, Aldo, Empl. 9516, Jay, Empl. 4884, David, Empl. No. 4483, and Shahara Mears, all of whom advised that Bank of America had improperly filed a Notice of Default against the subject property and therefore slandered title against my client, an elderly person.

   Demand was made to each and every individual named above for the immediate recession of the Notice of Default. As of the mailing of this letter, Bank of America has refused to honor our request, despite the clear indication of impropriety.

   By way of example, Bank of America caused to be issued a Notice of Intent to Accelerate dated July 17, 2009. By its own terms, the Notice of Intent expired on August 16, 2009 and demand payment in the amount of $2501.88 (representing payments for May and June) before the expiration date.   A true and correct copy of the July 17, 2009, Notice of Intent is attached hereto as Exhibit A.

   On August 3, 2009 (the letter incorrectly indicates July 3, 2009), this office mailed you a certified check in the amount of $3259.22, representing payments for the months of May, June

Bank of America
2 | P a g e

and July, 2009. A true and correct copy of the August 3, 2009, letter is attached hereto as Exhibit B.

During this office's discussion with Shahara Mears, she informed us that Bank of America received the payment before the expiration of the Notice of Intent and applied the funds as follows: $1016.77 towards May, 2009 monthly installment; $1016.77 towards June, 2009 monthly installment and $1225.68 towards the July, 2009, monthly installment. A subsequent payment in the amount of $1,330.12 was made in August, 2009, but returned to this office on September 30, 2009.

It is our contention that the acceptance of the certified funds obviated the Notice of Intent and any right to foreclose on the property. In addition, the refusal to accept the August, 2009, monthly installment is clear evidence of Bank of America's wrongful conduct and elder abuse (financial) against my client.

Pursuant to California Civil Code section 2924c, enclosed please find the following:

1. Return of Bank of America Check. No. 0000064895 (to be applied towards the August, 2009, installment);
2. Official Check No. 2388406414 (to be applied towards the September, 2009, installment); and,
3. Official Check No. 2388406418 (to be applied towards the October, 2009, installment).

The initial payment of $3259.22 and the payments enclosed herein cure any and all defaults according to our records. If you disagree, please advise in writing within 5 business days and provide a detailed breakdown of all costs and fees.

Failure to rescind the Notice of Default within 5 business days will be treated as Bank of America's willful and wonton disregard for my clients' rights and immediate legal action will be taken.

Govern yourself accordingly.

Very truly yours,

BRYAN DIAZ LAW, P.C.

By Bryan Diaz, Esq.

# EXHIBIT A

**Home Loans**
P.O. Box 10221
Van Nuys, CA 91410-0221

Business Address:
450 American Street
Simi Valley, CA 93065-6285

Send Payments to:
P.O. Box 10219
Van Nuys, CA 91410-0219

July 17, 2009

Sent Certified Mail:
7113 8257 1473 4682 3796
Return Receipt Requested

Julio A Diaz
1814 NAPOLEON AVE
OXNARD, CA 93033-1812

Account No.: 192345907
Property Address:
1814 Napoleon Avenue
Oxnard, CA 93033-1812

## NOTICE OF INTENT TO ACCELERATE

Dear Julio A Diaz:

BAC Home Loans Servicing, LP (hereinafter "BAC Home Loans Servicing, LP") services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this letter is as follows:

| Monthly Charges: | 06/01/2009 | |
|---|---|---|
| | | $2,253.52 |
| Late Charges: | 06/01/2009 | |
| | | $50.84 |
| Other Charges: | Total Late Charges: | $152.52 |
| | Uncollected Costs: | $45.00 |
| | Partial Payment Balance: | ($0.00) |
| | **TOTAL DUE:** | **$2,501.88** |

You have the right to cure the default. To cure the default, on or before August 16, 2009, BAC Home Loans Servicing, LP must receive the amount of $2,501.88 plus any additional regular monthly payment or payments, late charges, fees and charges, which become due on or before August 16, 2009.

The default will not be considered cured unless BAC Home Loans Servicing, LP receives "good funds" in the amount $2,501.88 on or before August 16, 2009. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. BAC Home Loans Servicing, LP reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before August 16, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, BAC Home Loans Servicing, LP and the Noteholder shall be entitled to collect all fees and costs incurred by BAC Home Loans Servicing, LP and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, BAC Home Loans Servicing, LP may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.**

If you are unable to cure the default on or before August 16, 2009, BAC Home Loans Servicing, LP wants you to be aware of various options that may be available to you through BAC Home Loans Servicing, LP to prevent a foreclosure sale of your

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

This communication is from a debt collector

# EXHIBIT B



**Bryan Diaz Law**
PROFESSIONAL CORPORATION

23679 Calabasas Road · Suite 543 · Calabasas, California 91302 · Tel: 818.324.4911 · Fax: 818.232.0345

www.brvandiazlaw.com

July 3, 2009

**Via U.S. Mail**

BAC Home Loan Servicing, LP
P.O. Box 10219
Van Nuys, CA 91410-0219

     RE:   **Diaz v. Bank of America; Loan No. 192345907**

Dear Bank of America:

Pursuant to California Civil Code section 2924c, enclosed please find a check in the amount of $3,259.22 in connection with the above-referenced matter.

On May 13, 2009, we wrote requesting a meeting pursuant to California Civil Code section 2923.5, and as of the date of this letter, Bank of America has failed to comply with its statutory obligations. We hereby again demand that Bank of America contact this office at 818.324.4911, to discuss options in lieu of foreclosure as required by California law.

We look forward to hearing from you.

Very truly yours,

BRYAN DIAZ LAW

By: _____

Bryan Diaz

cc: Client

30011140: REV: 02/09 6610013776

**OFFICIAL CHECK**

 **WaMu**

62-20/311    2388405116

WAM No. 192345907

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

**WASHINGTON MUTUAL**

Jun 22, 2009 THREE THOUSAND TWO HUNDRED FIFTY NINE DOLLARS AND 22 CENTS

Pay to
the
order
of:    BANK OF AMERICA

Drawer:Washington Mutual, a division of JPMorgan Chase Bank, N.A.

AUTHORIZED SIGNATURE
REMITTER
JULIO DIAZ

- 1562  109

Cimbank, N.A. · One Penn's Way - New Castle DE 19720

⑞²388405116⑞  ⑞03110020⑞⑞   38769931⑞

EGUGLO

JULIO A DIAZ

23679 CALABASAS RD. STE 543
CALABASAS CA 91302

LN# 192345907
EDITH GUDINO

---

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.    CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

**Bank of America**

BAC Home Loans Serv. LP
400 Countrywide Way
Simi Valley, CA 93065-6298

If unable to apply funds,
please return check to:
P.O. Box 5012
Woodland Hills, CA 91365-5012

62-28/311
Bank One
Chicago, IL

NO. 0000064895

DATE
09/29/2009

AMOUNT
$*******1,330.12****

PAY ONE THOUSAND THREE HUNDRED THIRTY DOLLARS AND 12 CENTS****

***********************************************

PAY TO:     JULIO A DIAZ ***********************
23679 CALABASAS RD STE 543 **********
CALABASAS CA 91302

VOID AFTER 180 DAYS

⑂000006489⑂ ⑈03⑈⑈00283⑈ 09 77616⑈

**OFFICIAL CHECK**

**WaMu**

52-20/311  2388406417

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

WASHINGTON MUTUAL

**Oct 17, 2009 ONE THOUSAND ONE HUNDRED SIXTEEN DOLLARS AND 22 CENTS**

Pay to the order of: BANK OF AMERICA

Drawer:Washington Mutual, a division of JPMorgan Chase Bank, N.A.

AUTHORIZED SIGNATURE

REMITTER
JULIO DIAZ

1562 102

Citibank, N.A. - One Penn's Way - New Castle DE 19720

⑀2388406417⑀  ⑆031100209⑆  3876993⑈

---

**WaMu**

**OFFICIAL CHECK**

003111401 NEW 09/08 8810013776

52-20/311  2388406418

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

WASHINGTON MUTUAL

**Oct 17, 2009 ONE THOUSAND ONE HUNDRED SIXTEEN DOLLARS AND 22 CENTS**

Pay to the order of: BANK OF AMERICA

Drawer:Washington Mutual, a division of JPMorgan Chase Bank, N.A.

AUTHORIZED SIGNATURE

REMITTER
JULIO DIAZ

1562 102

Citibank, N.A. - One Penn's Way - New Castle DE 19720

⑀2388406418⑀  ⑆031100209⑆  3876993⑈

TRANSMISSION VERIFICATION REPORT

|  |  |
|---|---|
| TIME | : 10/20/2009 05:25 |
| NAME | : DIAZLAW |
| FAX | : 18056521843 |
| TEL | : 8056521843 |
| SER.# | : K8J348852 |

| DATE,TIME | 10/20  05:25 |
|---|---|
| FAX NO./NAME | 19492528330 |
| DURATION | 00:01:12 |
| PAGE(S) | 09 |
| RESULT | OK |
| MODE | STANDARD |
|  | ECM |



**BRYAN DIAZ LAW**
PROFESSIONAL CORPORATION

128 South California, Suite A
Ventura, California 93001
Tel: 805.652.1284
Fax: 805.652.1843
www.bryandiazlaw.com

October 20, 2009

**VIA FEDERAL EXPRESS**
Tracking No. 7970 3711 4605

BAC Home Loan Servicing, LP
450 American Street
Simi Valley, CA 93065-6285

|  |  |
|---|---|
| RE: | *Diaz v. BAC Home Loan Servicing, LP* |
| Loan No: | 192345907-5 |
| Property: | 1814 Napoleon Ave, Oxnard, CA |

Dear Bank of America:

It has come to our attention that you have illegally filed a Notice of Default against the above-captioned property. On October 15, 2009, this office spent 4 hours on the phone with various representative, including Claresse, Empl. No. 9822, Aldo, Empl. 9516, Jay, Empl. 4884, David, Empl. No. 4483, and Shahara Mears, all of whom advised that Bank of America had improperly filed a Notice of Default against the subject property and therefore slandered title against my client, an elderly person.

# EXHIBIT O



**BRYAN DIAZ LAW**
PROFESSIONAL CORPORATION

128 South California, Suite A
Ventura, California 93001
Tel: 805.652.1284
Fax: 805.652.1843
www.orvandiazlaw.com

October 20, 2009

**VIA FACSIMILE ONLY**
949-252-8330

Trustee Corps (Foreclosure Department)
30 Corporate Park
Suite 400
Irvine, CA 92606

| RE: | *Diaz v. BAC Home Loan Servicing, LP* |
| Borrower: | Julio Diaz |
| Loan No: | 192345907-5 |
| Your No.: | CA0957809-3 |
| Property: | 1814 Napoleon Ave, Oxnard, CA |

Dear Trustee Corps:

As you know, this office represents Julio Diaz, an elderly person, and owner of certain property located at 1814 Napoleon Ave in the City of Oxnard, California. On October 20, 2009, this office caused to be faxed to the number identified above, a letter addressed to Bank of America, which outlined the wrongful conduct of Bank of America in connection with the servicing of the above-captioned loan. In particular, we provided evidence showing Bank of America's receipt and acceptance of certified funds in connection with the Notice of Intent to Accelerate mailed to Mr. Diaz on July 17, 2009. The acceptance of said funds obviated any right to foreclosure on the subject property. This office also produced evidence showing that the August, 2009, payment was wrongfully refused, despite Mr. Diaz being current on his mortgage.

In light of the foregoing, Trustee Corp. is on notice of the illegal and wrongful conduct of Bank of America. Accordingly, demand is hereby made for the recession of the Notice of Default. If Trustee Corp. refuses to rescind the Notice of Default and the allegations are found true, Trustee Corp. will be held accountable for aiding and abetting Bank of America in the

fraudulent conduct. The qualified privileged will not shield you from liability given your knowledge of the fraud.

Finally, pursuant to California Civil Code section 2943(b)(1) demand is hereby made for a true, correct and complete copy of the note and all other evidence of indebtedness with any modification thereto and a beneficiary statement. Demand is also hereby made for the declaration filed in support of the Notice of Default.

Should you have any questions or concerns, please contact the undersigned.

.Very truly yours,

BRYAN DIAZ LAW, P.C.

By

Bryan Diaz, Esq.

TRANSMISSION VERIFICATION REPORT

```
TIME    :  10/20/2009 21:05
NAME    :  DIAZLAW
FAX     :  18056521843
TEL     :  8056521843
SER. #  :  K8J348052
```

| | |
|---|---|
| DATE,TIME | 10/20  21:04 |
| FAX NO./NAME | 19492528330 |
| DURATION | 00:08:22 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |



BRYAN DIAZ LAW
PROFESSIONAL CORPORATION

128 South California, Suite A
Ventura, California 93001
Tel: 805.652.1284
Fax: 805.652.1843
www.bryandiazlaw.com

October 20, 2009

**VIA FACSIMILE ONLY**
949-252-8330

Trustee Corps (Foreclosure Department)
30 Corporate Park
Suite 400
Irvine, CA 92606

|   RE: | *Diaz v. BAC Home Loan Servicing, LP* |
|---|---|
| Borrower: | Julio Diaz |
| Loan No: | 192345907-5 |
| Your No.: | CA0957809-3 |
| Property: | 1814 Napoleon Ave, Oxnard, CA |

Dear Trustee Corps:

As you know, this office represents Julio Diaz, an elderly person, and owner of certain

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 701 E. Santa Clara Street, Suite 14-B, Ventura, California 93001

I served the following document(s) described as **SECOND AMENDED COMPLAINT** on the interested parties in this action by placing true and correct copies thereof enclosed in sealed envelopes addressed as follow:

Robert M. Shaw, Esq.
725 South Figueroa Street, 38 Fl.
Los Angeles, CA 90017

___x__ **(BY MAIL)** I am "readily familiar" with Bryan Diaz Law, P.C.'s practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on the same day following ordinary business practices.

____x___ **(BY ELECTRONIC CASE FILING SYSTEM CM/ECS)**: I certify that on this date, I electronically filed the document captioned above with the clerk of the court using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented to service by electronic means.

_____ **(BY PERSONAL SERVICE)**: I caused such document(s) to be delivered by hand to the above address(es).

_____ **(BY OVERNIGHT COURIER)**: I caused the above-referenced document(s) to be delivered to a courier service (Federal Express) for delivery the next business day to the above address(es).

Executed on March 21, 201, at Ventura, California.

_____ **(STATE)**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___x_____ **(FEDERAL)**: I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

_____/s/ Chad Atkins_____
Chad Atkins

BRYAN DIAZ LAW, P.C.
701 EAST SANTA CLARA STREET, SUITE 14-B
VENTURA, CA 93001
TEL: (805) 652-1284 • FAX (805) 832-6541

PROOF OF SERVICE